[No. 6174. Decided December 8, 1906.]

THE STATE OF WASHINGTON, *Appellant*, v. R. K. TIFFANY
*et al., Respondents.*[1]

CRIMINAL LAW—MALICIOUS TRESPASS—INFORMATION—STATUTES—
CONSTRUCTION. In a prosecution for the statutory offense of "wil-
fully or maliciously" making an aperture in a dam for agricultural
purposes, it is not necessary to charge that the act was maliciously
done; since "or" cannot be construed to mean "and" in this connec-
tion.

SAME. An information in a prosecution for making an aperture
in a dam used for agricultural purposes is sufficient where it
charges that the dam was used for irrigation purposes, as the terms
are synonymous.

SAME. A dam constructed to conduct water for irrigation pur-
poses comes within the statute against malicious trespass to any
structure to conduct water for agricultural purposes.

Appeal from an order of the superior court for Kittitas
county, Rigg, J., entered December 19, 1905, discharging
the defendants, upon sustaining a motion in arrest of judg-
ment after verdict, in a prosecution for the crime of malicious
trespass. Reversed.

*Austin Mires* and *W. H. Bogle,* for appellant.

*Ira P. Englehart* and *E. F. Blaine,* for respondents.

RUDKIN, J.—This is an appeal from an order sustaining a
motion in arrest of judgment after verdict, and discharging
the defendants on the ground that the facts charged in the
information do not constitute a crime or misdemeanor. The
information, omitting formal parts, is as follows:

"That they, the said R. K. Tiffany and J. A. Driscoll, in
Kittitas county, state of Washington, on or about the seven-
teenth day of August, 1905, then and there being, did then
and there unlawfully and wilfully make and cause to be made

[1]Reported in 87 Pac. 932.

an aperture in a structure known as a dam, erected in and across the Cle Elum river, at the foot of Cle Elum lake, for storing and conducting water for irrigation purposes, by unlawfully and wilfully then and there placing and exploding powder known as dynamite, with intent then and there to injure and destroy said structure. The said structure then and there being the property of the Union Gap Irrigation Company, a corporation."

The information was filed under Bal. Code, § 7154 (P. C. § 1627). The provisions of that section, so far as material to the present inquiry, are as follows:

"Every person who shall wilfully or maliciously, make or cause to be made, any aperture in any milldam, canal, flume, aqueduct, reservoir, embankment, or other structure erected to conduct water for agricultural purposes, with intent to injure or destroy the same, shall, upon conviction thereof, be punished, etc."

This being a prosecution for a statutory crime, the information need only charge the crime in the language of the statute, and there is little room for argument or discussion, except to compare the language of the information with the language of the statute defining the crime. After such comparison, we fail to see wherein the information is deficient.

The first contention of the respondents is that the words "wilfully or maliciously" in the statute should be read "wilfully and maliciously," and that the information is defective because it does not charge that the act complained of was committed maliciously.

"The first and most elementary rule of construction is, that it is to be assumed that the words and phrases are used in their technical meaning if they have acquired one, and in their popular meaning if they have not, and that the phrases and sentences are to be construed according to the rules of grammar; and from this presumption it is not allowable to depart, unless adequate grounds are found, either in the context or in the consequences which would result from the literal interpretation, for concluding that that interpretation does

not give the real intention of the legislature." Endlich, Interpretation of Statutes, § 2.

No doubt *or* is sometimes construed to mean *and*, and *vice versa*, in statutes, wills, and contracts. Thus, in *State v. Mitchell*, 5 Ired. (N. C.) 350, *or* was construed to mean *and* in a statute providing for the punishment of any person who should wilfully *or* maliciously burn the state-house or any of the public offices of the state, or any courthouse, jail, etc. In *Rolland v. Commonwealth*, 82 Pa. St. 306, *or* was construed to mean *and* in a statute defining the crime of burglary as the breaking *or* entering of a dwelling house. In the former case the original enactment contained the word *and;* but "When the acts of the General Assembly came to be revised, by some mistake the word *or* was inserted in the statute, in the place of the conjunction *and.*" In the latter case it was necessary to construe the word *or* to mean *and*, otherwise the section in which the word appeared would define the same crime as another section of the statute to which a different penalty was attached.

But the plain language of a statute can only be disregarded, and this exceptional rule of construction can only be resorted to, where the act itself furnishes cogent proof of the legislative error. It is argued in this case that, because the legislature declared that certain acts specified in the first part of the section must be committed wilfully *and* maliciously, therefore, the use of the words wilfully *or* maliciously in the latter part of the section in reference to other acts is an apparent error. It might be urged with equal force that, since the legislature changed the phraseology in the latter part of the section, the change was made advisedly and for a purpose. We are satisfied that the act under consideration contains no such evidence of error or mistake as would warrant us in disregarding its plain language. The word *or* cannot be construed to mean *and* where the words, wilfully *or* wantonly, or wilfully, maliciously *or* wantonly, are used in defining a

crime.   *Rountree v. The State,* 10 Tex. App. 110; *Werner v. State,* 93 Wis. 266, 67 N. W. 417.

It is next contended that the information charges that the dam or structure was erected to conduct water for *irrigation* purposes, whereas the statute uses the term *agricultural* purposes.   Regardless of technical definitions, the phrase "irrigation purposes," or "purposes of irrigation" is a common expression in the legislation of this state, and has acquired a well defined meaning, which is synonymous with agricultural purposes; or, at least, the former is included within the latter.

Lastly, it is contended that the dam or structure described in the information is not one of the structures mentioned in the statute.   If a dam erected to conduct water for irrigation purposes is not one of the structures mentioned in the statute, it is at least a structure of a like kind, under the rule of *ejusdem generis,* and comes within the purview of the statute.

The information is sufficient in law, and the judgment of the court below is therefore reversed and the cause remanded for further proceedings.

MOUNT, C. J., HADLEY, FULLERTON, and CROW, JJ., concur.

DUNBAR and ROOT, JJ., took no part.