917 P.2d 125 (1996)
129 Wash.2d 361
The STATE of Washington, Respondent,
v.
Matthew F. BOLAR, Petitioner.
No. 63072-1.
Supreme Court of Washington, En Banc.
Argued March 5, 1996.
Decided June 6, 1996.
Matthew F. Bolar, Clallam Bay, pro se.
Theresa Doyle, Suzanne Elliott, Seattle, for petitioner.
Norm Maleng, King County Prosecutor, Calvin G. Rapada, Deputy, Seattle, for respondent.
ALEXANDER, Justice.
Only one issue is presented by this appeal: did the sentencing superior court judge have authority to group some concurrently served prior felony convictions as one offense and others separately when computing the defendant's offender score? We say no to that question and accordingly reverse the Court of Appeals, remanding for resentencing.
*126 Defendant Matthew Bolar pleaded guilty in King County Superior Court to the crime of residential burglary. At sentencing, it was determined that Bolar's criminal history consisted of six prior felony convictions first degree robbery, bail jumping, and four violations of the Uniform Controlled Substances Act (VUCSA). Three of the latter offenses were committed in 1987, and the sentences for those offenses and for the bail jumping conviction were served concurrently. Based on that criminal history and its interpretation of RCW 9.94A.360, the sentencing court concluded that Bolar had an offender score of five. It derived the score as follows:

Offense Date of Offense Counted As
Robbery 1 N/A 1
VUCSA 7/6/87 1
VUCSA 7/21/87) 1
VUCSA 7/21/87)
Bail Jumping 1/6/88 1
VUCSA N/A 1
Total Offender Score 5

Although Bolar had contended at sentencing that his offender score was four, on a motion for resentencing he urged the sentencing court to count the four prior convictions for which the sentences were served concurrently as one offense or as separate offenses. This, he urged, would give him an offender score of three, computed as follows:

Offense Date of Offense Counted As
Robbery 1 N/A 1
VUCSA 7/6/87)
VUCSA 7/21/87) 1
VUCSA 7/21/87)
Bail Jumping 1/6/88)
VUCSA N/A 1
Total Offender Score 3

or six, computed in this way:

Offense Date of Offense Counted As
Robbery 1 N/A 1
VUCSA 7/6/87 1
VUCSA 7/21/87 1
VUCSA 7/21/87 1
Bail Jumping 1/6/88 1
VUCSA N/A 1
Total Offender Score 6

The sentencing judge denied Bolar's motion for resentencing. On appeal, a commissioner of the Court of Appeals, Division One, affirmed the sentence. A motion to modify the commissioner's ruling was denied by a panel of judges of that court. Bolar then sought review by this court and we granted it.
Because the defendant concedes that his conviction for robbery and for the controlled substance violation committed in 1988 each counted as one offense for offender score purposes, the critical question is how his offender score for the four concurrently served sentences was to be computed by the sentencing court. RCW 9.94A.360(6), a statute we examined recently in State v. McCraw, 127 Wash.2d 281, 898 P.2d 838 (1995), gives direction to sentencing judges in that regard. At the time material to this case, it provided, in pertinent part:
In the case of multiple prior convictions, for the purpose of computing the offender score, count all convictions separately, except:
(a) Prior adult offenses which were found, under RCW 9.94A.400(1)(a), to encompass the same criminal conduct, shall be counted as one offense, the offense that yields the highest offender score. The current sentencing court shall determine with respect to other prior adult offenses for which sentences were served concurrently whether those offenses shall be counted as one offense or as separate offenses, and if the court finds that they shall be counted as one offense, then the offense that yields the highest offender score shall be used [.]
(Emphasis added).[1]
The State argues that under this statute, the sentencing judge had three choices count the prior convictions for which the sentences were served concurrently as one offense, or separately, or, as the sentencing judge did here, some convictions as one offense and some separately. Bolar, on the other hand, argues that the sentencing court's discretion was limited to the two choices he asserted at the time he moved in superior court for resentencing. Specifically, he urges the view that the sentencing court had to group the prior convictions as only *127 one offense, once it decided, as this sentencing court did, to group together any of the prior convictions for which concurrent sentences were served.[2]
We find ourselves in agreement with Bolar. We reach that conclusion simply because of the wording of the aforementioned statute. The placement of the word "or" in the statute between the words "one offense" and "separate offenses" means that the sentencing judge has only the two choices asserted by Bolar. "Or" is presumed to be used disjunctively in a statute unless there is clear legistive intent to the contrary. Town of Clyde Hill v. Rodriguez, 65 Wash. App. 778, 782, 831 P.2d 149 (construing "or" in DUI statute and citing Childers v. Childers, 89 Wash.2d 592, 595, 575 P.2d 201 (1978)), review denied, 119 Wash.2d 1022, 838 P.2d 692 (1992); State v. Sigman, 118 Wash.2d 442, 448, 826 P.2d 144 (1992) (construing "or" in criminal statute); 1A Norman J. Singer, Sutherland Statutory Construction § 21.14 n. 1 (5th ed.1992). The word "`or' does not mean `and.'" Childers, 89 Wash.2d at 596, 575 P.2d 201 (quoting State v. Tiffany, 44 Wash. 602, 87 P. 932 (1906)).
The State argues that the word "separate" need not mean "singly." Again we disagree. In the absence of a statutory definition of a word, we employ the plain and ordinary meaning of the word as found in a dictionary. First Covenant Church v. City of Seattle, 120 Wash.2d 203, 220, 840 P.2d 174 (1992) (determining meaning of "liturgy" in municipal ordinance by using dictionary). The word "separate" means "not shared with another," "individual," "single," "existing by itself," "independent," "distinct," and "different." Webster's Third New International Dictionary 2069 (3d ed.1986).
In short, RCW 9.94A.360(6)(a) directed the sentencing court to count offenses for which multiple sentences are served concurrently as one offense or "each" as separate offenses, "singly" or "individually." While one might question the wisdom of this statutory scheme which considerably limited the discretion of the sentencing court, courts are obliged to follow the plain and unambiguous words the Legislature has chosen. That being the case, and since the statute is clear, we may not engage in statutory construction. See, e.g., City of Snohomish v. Joslin, 9 Wash.App. 495, 498, 513 P.2d 293 (1973) (holding that "plain words do not require construction"). Nor may we consider nontextual considerations such as equity or the rule of lenity. In re A, B, C, D, E, 121 Wash.2d 80, 87, 847 P.2d 455 (1993) (holding that "[w]hen statutory language is used in an unambiguous manner [the court] will not look beyond the plain meaning of the words"). Accordingly, we reverse the sentence and remand to the sentencing court for recalculation of Bolar's sentence consistent with this decision.
DURHAM, C.J., and DOLLIVER, SMITH, GUY, JOHNSON, MADSEN and SANDERS, JJ., concur.
TALMADGE, J., concurring by separate opinion.
TALMADGE, Justice, concurring.
I concur in the majority's analysis of trial court discretion under RCW 9.94A.360(6) only because of our decision in State v. McCraw, 127 Wash.2d 281, 898 P.2d 838 (1995). As I noted in McCraw, the Legislature did not confer discretion upon trial courts to group sentences in the fashion the McCraw majority believed. The majority's approach here to the exercise of discretion, which I do not believe ever existed under RCW 9.94A.360(6), is perhaps as good as any.
The Legislature, however, has relegated our decision in McCraw and in this case to an *128 historical footnote. The 1995 Legislature amended RCW 9.94A.360(6) to state:
In the case of multiple prior convictions, for the purpose of computing the offender score, count all convictions separately, except:
(i) Prior adult offenses which were found, under RCW 9.94A.400(1)(a), to encompass the same criminal conduct, shall be counted as one offense, the offense the yields the highest offender score. The current sentencing court shall determine with respect to other prior adult offenses for which sentences were served concurrently whether those offenses shall be counted as one offense or if separate offenses using the "same criminal conduct" analysis found in RCW 9.94A.400(1)(a), and if the court finds that they shall be counted as one offense, then the offense that yields the highest offender score shall be used. The current sentencing court may presume that such other prior adult offenses were not the same criminal conduct from sentences imposed on separate dates, or in separate counties or jurisdictions, or in separate complaints, indictments, or informations;...
Laws of 1995, ch. 316, § 1. Thus, the Legislature clarified its intent in RCW 9.94A.360(6) to reject the discretion envisioned in McCraw and this case.
NOTES
[1] RCW 9.94A.360(6) was amended in 1995.
[2] In McCraw, we held that the current sentencing court had the discretion to group together prior convictions for which sentences were served concurrently. We did not decide in that case, however, whether the sentencing court must group all prior convictions as one offense, once it decided to group together any of those prior convictions. Three Court of Appeals decisions cited with approval in McCraw also do not deal with that issue. See State v. Reinhart, 77 Wash.App. 454, 891 P.2d 735, review denied, 127 Wash.2d 1014, 902 P.2d 164 (1995); State v. Wright, 76 Wash.App. 811, 888 P.2d 1214, review denied, 127 Wash.2d 1010, 902 P.2d 163 (1995); State v. Lara, 66 Wash.App. 927, 834 P.2d 70 (1992).