Mr. Bern Shanks Director Department of Fish and Wildlife 600 Capitol Way North Olympia, Washington 98501-1091
Dear Mr. Shanks:
By letter previously acknowledged, your predecessor (Robert Turner) requested an opinion on a question we have paraphrased as follows:
 Do the Fish and Wildlife Commission and the director of the Department of Fish and Wildlife have authority to issue law enforcement commissions to department employees who have not been appointed either as fisheries patrol officers (as defined in Title 75 RCW) or as wildlife agents (as defined in Title 77 RCW)?
 For the reasons stated in the analysis below, we answer your question in the negative.
 ANALYSIS
The Department of Fish and Wildlife is an agency that was created in 1993 through the merger of two predecessor agencies, the Department of Fisheries and the Department of Wildlife. Laws of 1993, 1st Sp. Sess., ch. 2. Although the two former agencies are now administered as one, the laws governing their activities remain largely separate, and require separate discussion.
 1. Fisheries Patrol Officers.
The laws relating to the "fish" side of the department are primarily codified in Title 75 RCW.[1] RCW 75.08.011(5) defines the term "fisheries patrol officer" as follows:
 "Fisheries patrol officer" means a person appointed and commissioned by the commission, with authority to enforce this title, rules of the director, and other statutes as prescribed by the legislature. Fisheries patrol officers are peace officers.[2]
(Emphasis added.) RCW 75.10.010 is the basic statute defining the authority of fisheries patrol officers. It provides that they "shall enforce this title [Title 75, the fisheries code] . . . and certain other statutes[.]" This statute also: defines special circumstances in which such officers may en force the general criminal laws of the state; authorizes such officers to serve and execute warrants and processes issued by the courts; and, provides for liability with respect to claims arising out of their activities. Other statutes (mostly grouped in chapter 75.10 RCW) define more precisely what fisheries patrol officers are authorized to do. In essence, they are the enforcement arm of the department as to the fisheries code, with authority to conduct searches and seizures, make arrests, and conduct investigations leading to criminal prosecutions and/or civil enforcement actions.
 2. Wildlife Agents.
Although the laws relating to the old fisheries and wildlife agencies have not been integrated into a single code, the powers and duties of wildlife agents are almost exactly parallel to those of fisheries patrol officers, except that they enforce the wildlife code rather than the fisheries code. RCW 77.08.010(5) defines the term "wildlife agent" as follows:
 "Wildlife agent" means a person appointed and commissioned by the director, with authority to enforce laws and rules adopted pursuant to this title, and other statutes as prescribed by the legislature."[3]
(Emphasis added.) RCW 77.12.055 describes the general authority of wildlife agents in terms almost identical to those covering fisheries patrol officers, and subsection (2) specifically provides that wildlife agents are "peace officers." Other sections in chapter 77.12 RCW detail the enforcement role and responsibilities of wildlife agents. Like fisheries patrol officers, they are the criminal enforcement arm of the department, but they specialize in the enforcement of the wildlife code (Title77 RCW) rather than the fisheries code.
 3. Factual Assumptions.
Our opinion is based on certain historical factual assumptions, whose accuracy we have confirmed through discussions with present and past legal counsel for your department and/or its predecessor agencies. By the time of the departmental merger in 1993, the criminal enforcement work in each of the predecessor agencies was handled by a corps of professional law enforcement officers. These officers were organized and trained with the primary responsibility of enforcing the criminal laws and related civil penal laws concerning their respective agencies. Since both agencies were covered by the state civil service law (chapter41.06 RCW), the officers held appointments through the civil service system to civil service positions whose job titles related, in whole or in large part, to law enforcement. In the merged department, this situation still holds true.
However, there has been a limited historical practice in both predecessor agencies of issuing "commissions" to certain department employees who have not been primarily engaged in law enforcement. Rather, they have held positions whose job titles and descriptions are in other areas administrative, clerical, research, technical support, etc. While it has been assumed that these "non-enforcement" commissioned officers have the power of arrest and the other powers of, respectively, fisheries patrol officers or wildlife agents, they have rarely actually engaged in law enforcement. Some of the commissions were essentially "honorary" in nature, while other holders of commissions have been regarded as essentially "back-up" officers with the power to function as enforcement officers in case of an emergency or other pressing need.
As the merged agency moves to develop its initial policies and modes of operation, you and your predecessor have both considered whether to continue the practice of "commissioning" non-enforcement personnel, and have requested our opinion as to your authority to do so.
 4. "Appointed and Commissioned."
In our opinion, the answer to your question is to be found in the phrase "appointed and commissioned," found both in the definition of "fisheries patrol officer" (RCW 75.08.011) and in the definition of "wildlife agent" (RCW 77.08.010). Since these two words are connected by "and," we read them in the conjunctive, according to the canons of statutory interpretation. Cf. State v.Bolar, 129 Wn.2d 361, 917 P.2d 125 (1996) and State v. Tiffany,44 Wn. 602, 608, 87 P. 932 (1906) (phrases and sentences are construed according to the laws of grammar unless the context clearly requires otherwise); see also Statutes, 73 Am. Jur.2d § 243 (unless legislative intent is clearly to the contrary, "and" is to be read in the conjunctive). To be a fisheries patrol officer or a wildlife agent, then, a person must be both appointed and commissioned in such an office.[4]
As noted above, both categories of officers in question are covered by the state civil service law, chapter 41.06 RCW (neither category is covered by any of the exemptions to the act). The "appointment" of such officers is governed by the "comprehensive classification plan for all positions in the classified service" adopted by the Personnel Resources Board pursuant to RCW 41.06.150
and related statutes. We understand that this classification plan includes classes and categories specifically covering the work done by fisheries patrol officers and by wildlife agents. The job descriptions of those classes include enforcement work as a primary or major component. By contrast, the other employees of the department serve in positions whose job classifications do not
include law enforcement activity.[5] Essentially, the classification plan defines which employees are fisheries patrol officers, which are wildlife agents, and which are neither.
The term "commissioned" is not defined in Titles 75 or 77 RCW, nor is it directly related to the civil service system. The term has an explicit parallel in the State Military Department (RCW38.12.060 describes the procedure under which certain military officers are "appointed and commissioned" by the governor) and is also used, we understand, in the Washington State Patrol and in local law enforcement agencies. The law dictionary defines "commission" as "[a] warrant or authority or letters patent, issuing from the government, or one of its departments, or a court, empowering a person or persons named to do certain acts, or to exercise the authority of an office[.]" Black's Law Dictionary 272 (6th rev. ed. 1990).
Since both the fisheries and wildlife statutes define the enforcement officers as "peace officers," the Legislature undoubtedly used the term "commissioned" to clarify that these officers are to share the law enforcement powers of other peace officers, though ordinarily only in their special area of the law.[6]
The uses of the conjoined phrase "appointed and commissioned," coupled with the special powers granted to fisheries patrol officers and to wildlife agents, convinces us that these officers were intended to be a particular group of people, "commissioned" or set aside to perform special functions within the agency. Thus, we conclude that the "commissioning" power may be exercised only as to those persons whose "appointments" are to positions whose job descriptions include law enforcement work of the appropriate type.[7]
In so concluding, we have considered the argument that, since the practice of "commissioning" non-enforcement personnel has a history, it represents an administrative construction of the statutes that is entitled to some weight. Courts often defer to an agency in interpreting a statute the agency is charged with administering. See, e.g., Multicare Medical Center v. DSHS,114 Wn.2d 572, 790 P.2d 124 (1990). The deference is typically given to an administrative agency in its field of expertise where a statute is ambiguous. Cf. Arco Products Co. v. Utilities andTransportation Commission, 125 Wn.2d 805, 888 P.2d 728 (1995).
In this case, the statute in question is not in the area of the agency's "expertise" (as might be the case with, for instance, a statute concerning the science of fish propagation or with wildlife management practices), but is a "powers and duties" statute not related to the scientific or technical expertise of the agency. We understand that the non-enforcement employees who have historically held "commissions" rarely, if ever, have used them by actually engaging in law enforcement work.[8]
In any case, we note that in asking the question, you are impliedly considering whether to continue the "administrative construction" apparently employed in the predecessor agencies. We are not aware of any authority for the proposition that you and the current commission are yourselves bound by past interpretations. Under these circumstances, the better reading of the statutes is that "appointed and commissioned" limits commissions to persons holding appointments to the appropriate job categories.
We trust the foregoing will be of assistance.
Very truly yours,
CHRISTINE O. GREGOIRE Attorney General
JAMES K. PHARRIS Senior Assistant Attorney General
[1] By legislative policy choice, the former Department of Fisheries regulated activities concerning certain species of fish and shellfish (essentially those which were the subject of commercial operations), while other species were within the jurisdiction of the former Department of Wildlife, whose primary focus was on the regulation of recreational fishing and hunting.
[2] RCW 75.08.011(6) defines the term "ex officio fisheries patrol officer" as, essentially, any municipal, county, state or federal officer whose primary function is the enforcement of general criminal laws. These officers, who are not department employees, have authority along with fisheries patrol officers to enforce the fisheries code. The powers and duties of "ex officio fisheries patrol officers" are beyond the scope of this discussion.
[3] Pursuant to RCW 77.08.010(6), there are also "ex officio wildlife agent[s] "federal, state, and local law enforcement officers with authority to enforce the wildlife code. In Laws of 1995, 1st Sp. Sess., chapter 2 (approved by the voters as Referendum Bill 45 in the 1995 general election), the Legislature amended RCW 75.08.011 to move the "appointing and commissioning" authority for fisheries patrol officers from the director of the department to the Fish and Wildlife Commission. RCW 77.08.010 was not likewise amended. Thus, the "appointing and commissioning" authority for wildlife agents remains with the director.
[4] The legislative history of the acts in question sheds no additional light on our analysis. The language of the current statutes has been adopted or amended only in the context of wholesale revisions of the fisheries/wildlife codes (in which the status of enforcement officers was too fine a detail to earn space in any legislative report) or in "housekeeping" measures not intended to have substantive meaning. So far as we can tell, the Legislature has never focused its attention on the subject of your question.
[5] The classification plan can include "mixed" job categories in which enforcement work and non-enforcement work are combined in varying proportions; the job description for each class is ultimately within the discretion of the Personnel Resources Board. Our answer is based on the assumption that you are asking whether the agency can commission employees whose job classifications do not include law enforcement work.
[6] RCW 9A.04.110(15) defines "peace officer" to mean "a duly appointed city, county, or state law enforcement officer.
[7] For the reasons noted earlier, the "commission" still has importance in defining which employees have been authorized by the agency to act as fisheries patrol officers or as wildlife agents. The details of a job classification might not make this point clear without an explicit "commission."
[8] We will not consider here whether the director or the commission would issue purely honorary commissions not intended to confer actual law enforcement power.