[No. 16149-8-III. Division Three. April 17, 1997.]

MOUNT SPOKANE SKIING CORPORATION, *Appellant,* v.
SPOKANE COUNTY, ET AL., *Respondents.*

*Stephen K. Eugster*, for appellant.

*Thomas F. Kingen, James P. McNeill III*, and *Perkins Coie*, for respondents.

KURTZ, J. — Mount Spokane Skiing Corporation appeals the trial court order on summary judgment dismissing all claims, alleging the trial court erred for the following reasons: (1) the Mount Spokane Public Development Authority (Authority) is invalid because Spokane County (County) lacked statutory authority to create it, it was not created for a public purpose and the County failed to introduce evidence at the hearing prior to passing the resolution; (2) creation of the Authority violates the lending of credit prohibition in the state constitution; (3) creation of the Authority is an unlawful delegation of power by the county commissioners; (4) creation of the Authority unlawfully allows the County to engage in unauthorized actions; (5) creation of the Authority violates the uniformity of

government provisions of the state constitution; and (6) the statute amending the public development authority statute is invalid because it violates the constitutional prohibition against multiple subjects. We affirm.

## FACTS

In 1976, Mount Spokane Skiing Corporation (Spokane Skiing) entered into an exclusive 20-year agreement with the State Parks and Recreation Commission to operate a sports, recreation, and ski area in Mount Spokane State Park. Mount Spokane State Park is owned by the state, but Spokane Skiing holds a possessory interest in the ski lifts and other improvements in the concession area. Spokane Skiing evidently operated the ski concession without significant criticism until 1990. That year, the Mount Spokane 2000 Study Group was formed for the purpose of enhancing ski facilities at the park. A consultant hired by the State Parks and Recreation Commission to review operation of the ski concession concluded the quality of service was substandard.

In September 1995, the Board of Spokane County Commissioners held a public meeting to discuss creation of a public corporation to operate the facility at Mount Spokane State Park. Members of Mount Spokane 2000 expressed support for creating such a corporation, while Spokane Skiing's attorney voiced opposition to the idea. On October 3, the Board adopted Resolutions No. 95-1121 and 95-1122 which created the Public Development Authority, authorized its charter and by-laws and named its initial board of directors. A majority of the Authority's board members are directors or members of Mount Spokane 2000.

Two weeks after the Authority was created, Spokane Skiing filed the present action seeking a declaration that the Authority is an illegal entity and that RCW 35.21.730 is unconstitutional, and asked for an injunction restraining the Authority from competing for the ski concession

in Mount Spokane State Park. The trial court granted summary judgment in favor of the County and the Authority.

## WAS THE COUNTY ACTING WITHIN THE SCOPE OF ITS AUTHORITY UNDER RCW 35.21.730 IN CREATING THE MOUNT SPOKANE PUBLIC DEVELOPMENT AUTHORITY?

Spokane Skiing contends the authority of the county commissioners is limited to expressly granted powers and to powers necessarily implied in or incident to the powers expressly granted, along with the powers essential to the declared purposes of the corporation. *City of Tacoma v. Taxpayers of Tacoma*, 108 Wn.2d 679, 695, 743 P.2d 793 (1987). RCW 35.21.730 originally was enacted to give authority to cities and counties to create public corporations to participate in federally assisted programs addressing the living conditions in urban areas. LAWS OF 1974, Ex. Sess., ch. 37. At that time, revenue sharing programs dealt with living conditions in urban areas. In 1985, this legislation was amended due to diminishing federal funds and because it was necessary to enable the public corporation to issue revenue bonds in order to raise revenues. As amended, RCW 35.21.730 provides that public corporations may be created only in order "to improve the administration of authorized federal grants or programs, to improve governmental efficiency and services, or to improve the general living conditions in the urban areas of the state, any city, town or county . . . ."

Spokane Skiing argues that the operation of a ski area does not improve the administration of federal grant funds, nor is it a recognized governmental function. In Spokane Skiing's opinion, the operation of the ski area has nothing to do with the improvement of the general living conditions in the urban areas of the state because the ski area is not located within an urban area. Because the Authority fails to satisfy any of the stated purposes set forth in RCW 35.21.730, Spokane Skiing contends it is illegally created.

As additional grounds, Spokane Skiing states the Authority fails to meet all the requirements set forth for public authorities under RCW 35.21.730(4). Under that provision, the Authority must (1) administer and execute federal grants or programs; (2) receive and administer private funds, goods or services for any lawful public purpose; (3) and perform any lawful public purpose or function. Because these elements are connected with the word "and," according to Spokane Skiing, a public authority must perform all three functions to be valid.

Moreover, Spokane Skiing argues the Authority was not created for a public purpose. Government action and expenditures must further public, not private, interests. *In re Marriage of Johnson*, 96 Wn.2d 255, 258-59, 634 P.2d 877 (1981). An action or expenditure is for a public purpose when it confers a benefit of reasonably general character to a significant part of the public. *United States v. Town of N. Bonneville*, 94 Wn.2d 827, 621 P.2d 127 (1980). Spokane Skiing believes the creation of the Authority is for the private purpose of empowering the Mount Spokane 2000 group with county authority to compete with a particular private enterprise.

Finally, Spokane Skiing argues that in creating the Authority, the commissioners acted in an arbitrary and capricious manner. It points to the lack of evidence substantiating a public need justifying creation of the Authority. The commissioners took no testimony, Spokane Skiing notes, other than from counsel for Mount Spokane 2000.

█ Standard of Review. This court reviews an order of summary judgment de novo, engaging in the same inquiry as the trial court. RAP 9.12; *Wilson v. Steinbach*, 98 Wn.2d 434, 656 P.2d 1030 (1982). Summary judgment is appropriate if the parties' pleadings, affidavits, and depositions establish there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c).

██ The interpretation of a statute is solely a question

of law and within the conventional competence of the court. *American Legion Post No. 32 v. City of Walla Walla*, 116 Wn.2d 1, 5, 802 P.2d 784 (1991). The interpretation of Washington constitutional provisions is also a question of law. *State ex rel. Humiston v. Meyers*, 61 Wn.2d 772, 777, 380 P.2d 735 (1963).

A statute is presumed constitutional and a challenging party has the burden of establishing beyond a reasonable doubt the statute is unconstitutional. *Leonard v. City of Spokane*, 127 Wn.2d 194, 197-98, 897 P.2d 358 (1995). When the constitutionality of a statute is attacked, it is the duty of the court to construe the statute so as to uphold its constitutionality, wherever possible. *State v. Browet, Inc.*, 103 Wn.2d 215, 219, 691 P.2d 571 (1984).

The interpretation of a municipal enactment is a question of law. *Ball v. Smith*, 87 Wn.2d 717, 722-23, 556 P.2d 936 (1976). Municipally enacted law is subject to the same rules of construction as statutes. *World Wide Video, Inc. v. City of Tukwila*, 117 Wn.2d 382, 392, 816 P.2d 18 (1991). If stated facts justifying a resolution can be reasonably conceived, such facts should be presumed to exist and the resolution will be presumed to have been passed in conformity with those facts. *Silver Shores Mobile Home Park, Inc. v. City of Everett*, 87 Wn.2d 618, 624, 555 P.2d 993 (1976). "If possible, an enactment must be interpreted in a manner which upholds its constitutionality." *City of Tacoma v. Luvene*, 118 Wn.2d 826, 841, 827 P.2d 1374 (1992). As such, this court employs the assumption the Authority was properly created, unless it is shown otherwise.

The Provisions of RCW 35.21.730. At issue is the interpretation of RCW 35.21.730, which provides in relevant part:

> In order to improve the administration of authorized federal grants or programs, to improve governmental efficiency and services, or to improve the general living conditions in the urban areas of the state, any city, town, or county may by lawfully adopted ordinance or resolution:

. . . .

(4) Create public corporations, commissions, and authorities to: Administer and execute federal grants or programs; receive and administer private funds, goods, or services for any lawful public purpose; and perform any lawful public purpose or public function.

Spokane Skiing urges that the Authority was not properly created because it fails to fulfill any of the listed purposes. Spokane Skiing's interpretation of the statute is too narrow. The court should not narrowly construe a statute by restricting its interpretation to a literal and technical construction of only a part of the statute and ignore other relevant parts. *Graham v. State Bar Ass'n*, 86 Wn.2d 624, 627, 548 P.2d 310 (1976). It is clear from a plain reading of the statute that a public corporation need not fulfill all the contemplated purposes set out in the opening paragraph of RCW 35.21.730 by the Legislature's amendment changing the connector from "and" to "or." A public corporation will be validly created if it meets one of the specified purposes in the opening paragraph.

Here, the created Authority arguably meets two of the purposes. First, the Authority was created to improve government services provided at the state-owned Mount Spokane ski area. A recent study found the concession services provided at the ski area were substandard. Resolution No. 95-1121 specifically states the Authority was created in an effort to improve governmental services by improving, operating and maintaining the services provided at Mount Spokane ski area. Because the Authority was created to improve the services provided at the ski area, a purpose of the Authority is to improve governmental services.

The Authority meets a second purpose set forth in the opening paragraph of RCW 35.21.730 because it was created to improve the general living conditions within the county. Spokane Skiing argues because the ski resort is not located within the urban area, it cannot improve

the general living conditions in the urban area. Again, Spokane Skiing adopts too narrow an interpretation of the statute. A ski area within the county can conceivably improve the living conditions in the urban area of the county by providing a recreational area, not unlike an urban park, for the use and enjoyment of its residents. The fact that the ski hill does not lie within the urban area is not dispositive. The ski area lies within the county, and will provide recreation for county residents.

██ ██ Spokane Skiing also argues the Authority was improperly created because it fails to meet all the requirements of RCW 35.21.730(4). Because the word "and" connects the three listed functions of a public corporation, Spokane Skiing believes, all three functions must be undertaken by the municipal corporation. The disjunctive "or" and conjunctive "and" may be interpreted as substitutes. *State v. Tiffany*, 44 Wash. 602, 604, 87 P. 932 (1906). It is clear from a plain reading of the statute that the powers listed in paragraph (4) are the possible functions a public corporation may undertake. Nowhere does it appear from the statutory language that the corporation must undertake each and every function in order to be valid and legal. Nor does such an interpretation comport with common sense. Based upon the plain language and intent of the statute, a public corporation may undertake one or more of the functions listed in paragraph (4).

██ Certainly the Authority will perform a lawful public purpose or public function by maintaining and operating the public recreational ski area. Public recreational facilities constitute a public purpose and function. *See In re City of Seattle*, 104 Wn.2d 621, 624, 707 P.2d 1348 (1985). Further, counties have express statutory authority to establish parks for public recreational purposes and to maintain various other types of recreational facilities. RCW 36.68.010, .090. As such, the Authority's operation of the ski area constitutes a public purpose and function and meets the criteria set forth in paragraph (4).

██ Finally, Spokane Skiing contends the commissioners acted in an arbitrary and capricious manner in creating the Authority because no facts or evidence were presented at the public hearing justifying the creation of the Authority. A court will not overturn a municipal corporation's exercise of its legislative authority, except for a manifest abuse of discretion, or arbitrary and capricious acts. *Duckworth v. City of Bonney Lake*, 91 Wn.2d 19, 34, 586 P.2d 860 (1978). Arbitrary and capricious action is willful and unreasoning, without consideration, and in disregard of the facts and circumstances. *Equitable Shipyards, Inc. v. State*, 93 Wn.2d 465, 611 P.2d 396 (1980).

██ The court will accept as a verity any declaration of a statute's public purpose unless it is arbitrary and unreasonable. *Public Employment Relations Comm'n v. City of Kennewick*, 99 Wn.2d 832, 836, 664 P.2d 1240 (1983). As noted previously, the burden is upon Spokane Skiing in challenging this statute. Essentially, Spokane Skiing offers only its opinion the Authority was not necessary and was created to provide government power to small groups of private individuals. At least one study performed indicated to the County the services provided by Spokane Skiing were substandard. The County's decision the concessions at the ski area should be improved and would be improved by the creation of a public authority is reasonable and not arbitrary. Spokane Skiing has failed to meet its burden and the Authority should be upheld.

## DOES THE CREATION OF THE AUTHORITY VIOLATE THE LENDING OF CREDIT CLAUSE OF THE WASHINGTON STATE CONSTITUTION?

Spokane Skiing contends expenditure of county credit may not be used in aid of private enterprise under article VIII, section 5 of the Washington constitution which provides in part: "The credit of the state shall not, in any manner be given or loaned to, or in aid of, any individual, association, company or corporation."

Further, article VIII, section 7 provides:

No county, city, town or other municipal corporation shall

> hereafter give any money, or property, or loan its money, or credit to or in aid of any individual, association, company or corporation, except for the necessary support of the poor and infirm, or become directly or indirectly the owner of any stock in or bonds of any association, company or corporation.

Here, Spokane Skiing maintains the County has attempted to give its powers and public authority to a group of people with a private agenda and a private purpose, which is prohibited by article VIII, section 7. *See e.g. Lassila v. City of Wenatchee*, 89 Wn.2d 804, 576 P.2d 54 (1978). In *Lassila*, the city purchased property and resold it to a private developer. The court held the city violated the constitutional prohibition against extension of credit when it acquired real estate with the intention of reselling a portion to a private party. According to Spokane Skiing, the group that wants to take over the Mount Spokane ski area is a private interest. If the Authority is upheld, it argues counties and cities throughout the state could begin creating subsidiary public corporations for individuals who want to compete for any kind of activity which might be labeled public purpose.

■■ The purpose of article VIII, sections 5 and 7 is to prevent public funds from being used to benefit private interests where the public interest is not primarily served. *Japan Line, Ltd. v. McCaffree*, 88 Wn.2d 93, 98, 558 P.2d 211 (1977); *Tacoma*, 108 Wn.2d at 701 n.13. However, this prohibition applies only to loans to private agencies and has no application to a loan of credit to a state agency. *State ex rel. Wash. Toll Bridge Auth. v. Yelle*, 56 Wn.2d 86, 104, 351 P.2d 493 (1960).

Here, the Authority was created to serve a legitimate public purpose. As such, any loans of credit to the Authority are by definition not used to benefit a private interest. Moreover, the Authority is not a private agency. The creation of the Authority and the subsequent appointment of individuals involved in Mount Spokane 2000 to the board of the Authority does not change the character of the public corporation to a private interest. As a result, the

constitutional prohibition against lending of credit is not implicated.

## IS THE AUTHORITY AN UNLAWFUL DELEGATION OF POWER BY THE COMMISSIONERS?

Spokane Skiing states when a statute requires a public officer to exercise his discretion, such public officer cannot re-delegate his authority. *State ex rel. West v. City of Seattle*, 61 Wn.2d 658, 379 P.2d 925 (1963). The *West* court held an appointing authority which had the responsibility of discharging employees could not delegate that responsibility. Recreation authority, according to Spokane Skiing, is granted to the county commissioners directly and cannot be delegated. RCW 36.34. If these functions are not undertaken directly by the commissioners, Spokane Skiing argues, they are to be undertaken by other specific means such as the Park and Recreation Board and park facilities (RCW 36.68) and/or the Park and Recreation Districts (RCW 36.69).

Municipal corporations, as creatures of the state, derive their authority and powers from the Legislature. *Town of Othello v. Harder*, 46 Wn.2d 747, 752, 284 P.2d 1099 (1955). A municipal corporation's powers are limited to those powers conferred in express terms or those necessarily implied in or incident to the powers expressly granted, along with the powers essential to the declared objects and purpose of the corporation. *State ex rel. Port of Seattle v. Superior Court*, 93 Wash. 267, 269, 160 P. 755 (1916). Where the Legislature confers specific powers and duties to the legislative body of a municipal corporation, that body may not delegate such powers and duties absent specific statutory authorization. *Municipality of Metro. Seattle v. Division 587, Amalgamated Transit Union*, 118 Wn.2d 639, 643, 826 P.2d 167 (1992).

Spokane Skiing argues recreational authority is granted to the county commissioners and that authority cannot be delegated except as provided by the specific recreational statutes (e.g., RCW 36.34, 36.68, 36.69). It relies on *West* which Spokane Skiing interprets too broadly. The *West*

court held that where appointment power is granted by a city charter to a specific officer, such power cannot be re-delegated to the officer's subordinate. Here, the Legislature has given counties express authority to form public corporations to, among other things, improve governmental efficiencies and services and improve living conditions in the urban areas. The County's formation of the Authority is consistent with this express delegation of power.

Additionally, where discretion is granted to the legislative authority, here the commissioners, the method adopted to perform the activity in the exercise of that discretion should not be questioned by the courts. *Haga v. City of Seattle*, 3 Wn.2d 31, 39-44, 99 P.2d 623 (1940). If the purpose and object of the County's action is authorized by law and there are no express limitations in carrying out the purpose and object, then the choice of the means for operating the facility is discretionary and not subject to review by the court. Judicial review is limited to whether the action was arbitrary or capricious. *Tacoma*, 108 Wn.2d at 695. Evidence was presented to the commissioners that the ski area concessions were being poorly run by a private corporation. It has not been shown the commissioners' discretion in choosing a public corporation to remedy the problems with the concessions at the ski area were arbitrary and capricious. The decision was not an unlawful delegation of power.

IS THE COUNTY AUTHORIZING THE MOUNT SPOKANE PUBLIC DEVELOPMENT AUTHORITY TO ENGAGE IN UNAUTHORIZED TRANSACTIONS?

Spokane Skiing contends the County has no authority to force it to sell its possessory interest in the assets which comprise the concessions. Spokane Skiing states that under the contract, it will be forced to sell its property to the Authority which works as a condemnation of the property.

Spokane Skiing believes the County has no authority to condemn property for park purposes. RCW 36.34.340 provides a county may only acquire property to be

preserved as a park by purchase, gift, devise, bequest, grant or exchange. The power to condemn for a public use must be expressly given or necessarily implied. RCW 36.34.340 does not confer the necessary power upon the County to acquire Spokane Skiing's assets by condemnation. If the County cannot acquire its assets by condemnation, Spokane Skiing believes, it should not be able to do so by creating a public corporation.

The state, acting through the Commission, and Spokane Skiing were parties to the concession agreement for the operation of the Mount Spokane ski area concession that lies on state land. In the event a concessionaire loses its concessionaire rights, WAC 352-24-070 provides a process for compensating the concessionaire for the value of its possessory interest. Under the concession agreement, Spokane Skiing had an exclusive right within the park to provide concessions until June 9, 1995. The state has the right to acquire the concession's possessory interest pursuant to the same agreement. The concession agreement remains in effect until a new concession agreement has been reached with a concessionaire or until a purchaser, approved by the state, has paid just compensation for the concessionaire's interest and has taken over operation of the concession or until the state compensates the concessionaire.

 Spokane Skiing's argument is speculative and premature. The concession agreement was awarded to Mount Spokane 2000 and the County has done nothing to acquire the interest of Spokane Skiing. Even if the County, as opposed to the Authority, were seeking Spokane Skiing's possessory interest, the County has authority to acquire property for parks and recreational purpose by condemnation. *See, e.g.,* RCW 8.08.010, 36.68.010, 67.20.010; *In Re City of Seattle*, 104 Wn.2d 621, 624, 707 P.2d 1348 (1985).

Because the County is authorized to acquire the concessionaire's assets through the provisions of WAC 352-24-070, Spokane Skiing's contention the County is authorizing the Authority to engage in an unauthorized transaction is without merit.

## DOES THIS USE OF THE PUBLIC CORPORATION STATUTE VIOLATE THE UNIFORMITY PROVISIONS OF ARTICLE XI, SECTION 4 OF THE WASHINGTON CONSTITUTION?

Spokane Skiing believes RCW 35.21.730 as interpreted and advanced by the County violates the uniformity provision because it allows local entities to create subsidiary corporations to engage in public purposes and these subsidiary corporations will have differing powers with respect to similar functions which are to be provided by the government.

Article XI, section 4 provides:

> The legislature shall establish a system of county government, which shall be uniform throughout the state except as hereinafter provided, and by general laws shall provide for township organization, under which any county may organize whenever a majority of the qualified electors of such county voting at a general election shall so determine; and whenever a county shall adopt township organization, the assessment and collection of the revenue shall be made, and the business of such county and the local affairs of the several townships therein, shall be managed and transacted in the manner prescribed by such general law.

According to Spokane Skiing, this provision has been interpreted to mean one system applicable alike in all its parts and continuously operating equally in all of the counties of the state. *Coulter v. Pool*, 187 Cal. 181, 201 P. 120, 125 (1921). *See also* Op. Att'y Gen. 11 (1987). For that reason, Spokane Skiing argues the differing public corporations create a lack of uniformity of government throughout the state and, thus, should be held to be a violation of the uniformity provisions of the state constitution. *See, e.g., State ex rel. Maulsby v. Fleming*, 88 Wash. 583, 153 P. 347 (1915).

RCW 35.21.730 is presumed constitutional and Spokane Skiing has the burden of establishing beyond a reasonable doubt that it is not constitutional. *Leonard v. City of Spokane*, 127 Wn.2d 194, 197-98, 897 P.2d 358

(1995). Under RCW 35.21.730, all counties have the authority to create public corporations. The statute further provides the proper purposes for which a corporation may be created. Such a system is uniform. Each county has the authority to create the corporation, and may do so, depending upon that particular county's needs. Because each county has the authority available to it, the system should be deemed uniform. The manner in which the county exercises this discretion should not be required to be strictly uniform. Such a strict requirement of "uniform" fails to allow for the discretion necessary to meet the particular needs of each county. Given the absence of evidence beyond a reasonable doubt that RCW 35.21.730 is unconstitutional, it is upheld.

## IS RCW 35.21.730 UNCONSTITUTIONAL BECAUSE IT VIOLATES THE MULTIPLE SUBJECTS PROHIBITION IN ARTICLE II, SECTION 19?

Article II, section 19 provides that "[n]o bill shall embrace more than one subject, and that shall be expressed in the title." In applying this constitutional provision there are two issues—whether the bill contains one title and one subject matter. *State Fin. Comm. v. O'Brien*, 105 Wn.2d 78, 711 P.2d 993 (1986). The title must give notice of the bill's contents. *See Washington Toll Bridge Auth. v. State*, 49 Wn.2d 520, 523, 304 P.2d 676 (1956). In addition, there must be a "rational unity" between the subject of the title and the incidental subdivisions within the bill. *See State v. Grisby*, 97 Wn.2d 493, 498, 647 P.2d 6 (1982).

Spokane Skiing argues the amendatory act title did not give adequate notice of its contents, nor was there rational unity between all of the bill's provisions. It notes the amendatory act embraced several subjects because it amended the public corporations act, which added to the municipal services to new cities and towns and provided for short-term obligations of municipal corporations. The title of this act was "AN ACT Relating to Local Government: amending RCW 35.21.730, 35.21.745 . . . 35.21.755

. . . and repealing RCW 35.21.725." Ultimately, new sections were added addressing provisions of RCW 39.50 that allowed local governments to borrow money by issuing short-term obligations. Another provision authorized governmental services to newly incorporated cities and towns. Spokane Skiing points out at least one representative raised the concerns and objections to the multiple subjects contained in the bill.

Spokane Skiing states the varied subjects in the amendatory act do not deal with local government. Rather, the varied subjects include new cities and towns, along with short-term obligations of municipal corporations. The amendatory act was amended during the course of the legislation and other subjects were added to it that had nothing to do with the title. Accordingly, Spokane Skiing believes this act addressed multiple subjects, and it should be found unconstitutional.

It is well established that the title of an act need not be an index to the contents, nor express every detail contained therein. *Rourke v. Department of Labor & Indus.*, 41 Wn.2d 310, 312, 249 P.2d 236 (1952). The test of sufficiency is whether the title gives notice of its object so as to lead to a reasonable inquiry of the content. *State v. Lounsbery*, 74 Wn.2d 659, 664, 445 P.2d 1017 (1968). "All that is required is that there be some 'rational unity' between the general subject and the incidental subdivisions. If this nexus can be found, the act will survive the light of constitutional inspection." *Kueckelhan v. Federal Old Line Ins. Co.*, 69 Wn.2d 392, 403, 418 P.2d 443 (1966). The Laws of 1985, ch. 332 describe the legislation as relating to local government. While the subdivisions within the act deal with different aspects of the power of local government, all sections relate to the general subject matter of local government as it pertains to cities and towns. Because the contents of the bill are encompassed within the general subject matter of the title, the act does not violate the pro-

hibition against multiple subjects. RCW 35.21.730 is constitutional.

## HOLDING

The judgment of the trial court is affirmed.

SCHULTHEIS, A.C.J., and THOMPSON, J., concur.

Review denied at 133 Wn.2d 1021 (1997).