IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 30675-5-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| JOSHUA MICHAEL DOHERTY, | ) | |
| | ) | |
| Appellant. | ) | |

KULIK, J. — A jury found Joshua Doherty guilty of third degree theft and first degree trafficking in stolen property for stealing DVDs from Target and arranging to sell them to Hastings. On appeal, Mr. Doherty contends that instruction 10 relieved the State of its burden of proof on the trafficking charge, and that the evidence was insufficient to prove that Mr. Doherty had knowledge that his companion intended to sell the DVDs. Concluding that the instruction was proper, we affirm the convictions.

FACTS

The parties agree on the facts. In September 2010, Joshua Doherty was observed by Target store security, placing eight DVDs in a plastic cooler and walking out of the

store without paying. Mr. Doherty was seen entering a car that drove away. The cooler

and the DVDs were valued at approximately $237.

Later, the Target security manager David Tasca contacted the customer service

manager of a nearby Hastings—known to buy used DVDs—and described the titles of the

DVDs taken from Target. The Hastings employee confirmed that a person was

attempting to sell the DVDs at Hastings.

Mr. Tasca went to Hastings and saw the car he identified as being involved in the

theft of the DVDs parked in a parking stall in the lot in front of the store. Mr. Tasca saw

Mr. Doherty seated in the driver's seat. Mr. Tasca went inside the store and identified the

DVDs as those stolen from Target. He called 911.

Once the police arrived, the man attempting to sell the DVD's, Steven Doyle, fled.

He was arrested a short distance away and returned to Hastings. Mr. Doherty was

detained and the car was impounded. After a warrant was obtained, a search of the car

revealed the cooler, two pair of wire cutters, eight security devices, which Mr. Tasca said

were attached to DVDs, and cellophane wrapping. One pair of wire cutters was found on

the floor below the driver's seat; the other pair of wire cutters was found on the rear

passenger floor of the car.

Mr. Doherty and Mr. Doyle were charged with third degree theft and first degree

trafficking in stolen property. Following a jury trial, Mr. Doherty was found guilty as

charged.[1]

ANALYSIS

*Instruction 10.* The State bears the burden of proving each element of the offense.

*State v. Cantu*, 156 Wn.2d 819, 825, 132 P.3d 725 (2006). Jury instructions that relieve

the State of its burden to prove every element of an offense violate due process. *State v.*

*Thomas*, 150 Wn.2d 821, 844, 83 P.3d 970 (2004), *abrogated in part on other grounds by*

*Crawford v. Washington*, 541 U.S. 36, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004). This

court reviews the challenged instructions de novo and in the context of the instructions as

a whole. *State v. Bennett*, 161 Wn.2d 303, 307, 165 P.3d 1241 (2007).

Mr. Doherty was convicted of trafficking as an accomplice. Mr. Doherty

challenges instruction 10, which sets out the elements to be proved for accomplice

liability. He maintains that instruction 10 relieved the State of its burden of proving every

element of the offense beyond a reasonable doubt. Instruction 10 is based on

RCW 9A.08.020[2] that provides, in part, as follows:

---

[1] Mr. Doyle committed suicide prior to trial.

[2] We quote the current version of RCW 9A.08.020, which was amended by the LAWS OF 2011, chapter 336, section 351 to make the language gender neutral.

(1) A person is guilty of a crime if it is committed by the conduct of another person for which he or she is legally accountable.

*(2) A person is legally accountable for the conduct of another person when:*

. . . .

*(c) He or she is an accomplice of such other person in the commission of the crime.*

(3) A person is an accomplice of another person in the commission of a crime if:

(a) With knowledge that it will promote or facilitate the commission of *the crime*, he or she:

(i) Solicits, commands, encourages, or requests such other person to commit it; or

(ii) Aids or agrees to aid such other person in planning or committing it.

(Emphasis added.)

In instruction 10,[3] the court orally instructed the jury as follows:

A person is guilty of *a crime* if it is committed by the conduct of another person for which he or she is legally accountable. A person is legally accountable for the conduct of another person when he or she is an accomplice of such other person in the commission of *a crime*.

A person is an accomplice in the commission of *a crime* if, with knowledge that it will promote or facilitate the commission of the crime, he either:

(1) solicits, commands, encourages, or requests another person to commit the crime or,

(2) aids or agrees to aid another person in planning or committing the crime.

The word "aid" means all assistance, whether given by words, acts, encouragement, support, or presence. A person who is present at the scene

---

[3] Mr. Doughty proposed a correct version of the jury instructions for accomplice liability, which was not given.

4

and ready to assist by his or her presence is aiding in the commission of *a crime*. However, more than mere presence and knowledge of the criminal activity of another must be shown to establish that a person present is an accomplice.

Report of Proceedings (RP) at 242-43 (emphasis added).

Instruction 10 provided that "[a] person is legally accountable for the conduct of another person when he or she is an accomplice of such other person in the commission of *a crime*." RP at 242-43. But the use of the term "a crime" is erroneous because RCW 9A.08.020(2)(c) requires: "A person is legally accountable for the conduct of another person when: . . . (c) He or she is an accomplice of such other person in the commission of *the crime*." (Emphasis added.)

Both instruction 10 and RCW 9A.08.020 use the terms "the crime" and "a crime." But instruction 10 contains an erroneous statement of accomplice liability. The language of RCW 9A.08.020 "requires that the putative accomplice must have acted with knowledge that his or her conduct would promote or facilitate *the* crime for which he or she is eventually charged." *State v. Cronin*, 142 Wn.2d 568, 579, 14 P.3d 752 (2000). Instruction 10 uses the term "a crime."

In *Cronin*, the Washington Supreme Court considered the following instruction that is identical to instruction 10. The *Cronin* instruction read:

5

> "A person who is an accomplice in the commission of a crime is guilty of that crime whether present at the scene or not.
> A person is an accomplice in the commission of a crime if, with knowledge that it will promote or facilitate the commission of *a crime*, he either:
> (1) solicits, commands, encourages or requests another person to commit the crime; or
> (2) aids or agrees to aid another person in committing a crime."

*Cronin*, 142 Wn.2d at 576-77 (emphasis added). The court found error in the use of an accomplice liability instruction that referenced "a crime." The court reasoned that the "a crime" instruction suggested to the jury that a defendant could be found guilty as an accomplice for a crime other than the charged crime. *Id.* at 579. The court also explained that the jury instruction in question was deficient because it did not require that the defendant had knowledge he was facilitating the crime for which he was charged. *Id.*

The court's error in instructing the jury under instruction 10 must be reviewed under the constitutional error standard because a conviction cannot stand if the jury was instructed in a way that relieved the State of its burden of proof.[4] *Cronin*, 142 Wn.2d at 580.

---

[4] A failure to object to jury instructions at trial usually constitutes waiver of any error, precluding review for the first time on appeal. Because the State must prove every element of an offense beyond a reasonable doubt, such error affects due process rights and the error may be raised for the first time on appeal. *State v. Chino*, 117 Wn. App. 531, 538, 72 P.3d 256 (2003).

6

We must now consider whether the error is harmless. Here, the constitutional error test is applied because "'an instruction that omits an element of the offense does not *necessarily* render a criminal trial fundamentally unfair or an unreliable vehicle for determining guilt or innocence.'" *State v. Berube*, 150 Wn.2d 498, 505, 79 P.3d 1144 (2003) (quoting *Neder v. United States*, 527 U.S. 1, 9, 119 S. Ct. 1827, 144 L. Ed. 2d 35 (1999)). When an instruction omits or misstates an element, the error is harmless if the error is supported by uncontroverted evidence. *Id.* (quoting *State v. Brown*, 147 Wn.2d 330, 341, 58 P.3d 889 (2002)). To determine whether a constitutional error is harmless, it must appear beyond a reasonable doubt that the error did not contribute to the ultimate verdict. *Id.*

Mr. Doherty asserts that there is no evidence that he was an accomplice to trafficking. He argues that the use of instruction 10 may have allowed the jury to conclude Mr. Doherty was the accomplice to the trafficking offense simply because he took the DVDs.

To prove trafficking, the State must prove an intent "to sell or dispose of another's property." *State v. Walker*, 143 Wn. App. 880, 887, 181 P.3d 31 (2008). To prove theft, the State must prove an intent "to deprive the owner of its property." *Id.* Proof of one does not necessarily prove the other. To prove Mr. Doherty was Mr. Doyle's accomplice,

7

there must be proof that Mr. Doherty, with knowledge that it would promote or facilitate the commission of the crime, solicited, commanded, encouraged, or requested Mr. Doyle to commit the crime or aided and agreed to aid Mr. Doyle in the planning or committing of the crime. *See* RCW 9A.08.020(3). Under RCW 9A.08.020(3), to convict as an accomplice, a defendant must have knowledge that his conduct will promote or facilitate the commission of *the* crime.

The State does not argue that the error is harmless. An erroneous instruction is harmless if it appears beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained. *Brown*, 147 Wn.2d at 344. Instead, the State argues that the sufficiency of the evidence test applies when making this inquiry. This is not the applicable standard. Here, we are evaluating constitutional harmless error.

There is unconverted evidence supporting the verdict. The evidence showed that Mr. Doyle and Mr. Doherty were acquainted and that Mr. Doherty waited in the car while Mr. Doyle tried to traffic the stolen DVDs. The car Mr. Doherty was sitting in contained two wire cutters and the wire security mechanisms from the DVDs that Mr. Doherty had stolen and placed in the car.

Here, there is ample evidence supporting Mr. Doherty's trafficking conviction. Any instructional error was harmless. An erroneous instruction is harmless if it appears

beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained. *Brown*, 147 Wn.2d at 344.

*Proof of Knowledge of the Crime.* Mr. Doherty contends the State failed to prove each of the elements of the charged crime beyond a reasonable doubt. Specifically, Mr. Doherty asserts that the State failed to prove Mr. Doherty intended to sell the DVDs.

"There is sufficient proof of an element of a crime to support a jury's verdict when, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found that element beyond a reasonable doubt." *State v. Bright*, 129 Wn.2d 257, 266 n.30, 916 P.2d 922 (1996). A claim of sufficiency of the evidence admits the truth of the State's evidence and all reasonable inferences therefrom. *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). Circumstantial evidence and direct evidence are equally reliable. *State v. Delmarter*, 94 Wn.2d 634, 638, 618 P.2d 99 (1980).

Mr. Doherty admits that he took the DVDs. Within minutes, Mr. Doyle was attempting to sell the same DVDs at another store. Mr. Doherty was found outside that store, sitting in a car that contained two wire cutters and a collection of snipped security wires. There was sufficient evidence to support Mr. Doherty's conviction for trafficking.

No. 30675-5-III
*State v. Doherty*

We affirm the convictions for third degree theft and first degree trafficking in stolen property.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Kulik, J.

WE CONCUR:

_____        _____
Brown, J.                                               Siddoway, A.C.J.

10