[No. 23333-2-III. Division Three. February 9, 2006.]

THE STATE OF WASHINGTON, *Respondent*, v. JAY S. BOIKO, *Appellant*.

*Jay S. Boiko*, pro se.
*Stephen T. Graham*, for appellant.
*James A. Von Sauer, Prosecuting Attorney*, for respondent.

¶1 THOMPSON, J.* — Jay Boiko was convicted of intimidating a witness. On appeal, he contends the trial court erred by failing to provide a unanimity instruction to the jury. Pro se, Mr. Boiko raises the following issues in his statement of additional grounds for review: ineffective assistance of counsel, disqualification of the trial judge, insufficiency of the evidence, and prejudicial error related to a motion in limine. We reverse, concluding the trial court erred by failing to provide a unanimity instruction.

## Facts

¶2 On April 1, 2004, Mr. Boiko was charged with intimidating a witness. This charge arose from an incident that occurred at the home of J.G.

¶3 J.G. had known Mr. Boiko for three years. She often went to Mr. Boiko's house to work with his horses. J.G.'s mother bought a horse for J.G. from Mr. Boiko. Mr. Boiko introduced J.G. to Ken Mead. Mr. Mead, who was in his 30s, had sexual intercourse with J.G., who was then age 14.

¶4 On March 31, 2004, police went to Mr. Boiko's house to investigate child rape allegations against Mr. Mead. Later that day, Mr. Boiko showed up at J.G.'s house. J.G. testified that Mr. Boiko told her that he was going to shoot her horse if she did not lie about Mr. Mead. Detective Carroll Sharp testified that when he arrived on the scene, J.G. told him that Mr. Boiko threatened to shoot the horse if Mr. Mead went to jail for 30 years.

¶5 Mr. Boiko was convicted of intimidating a witness by a jury.

---

* Judge Philip J. Thompson is serving as judge pro tempore of the Court of Appeals pursuant to RCW 2.06.150.

*Analysis*

¶6 Mr. Boiko contends the trial court erred by failing to provide an oral or written unanimity instruction to the jury. He argues that there is no evidence to establish all of the possible means of committing the crime of witness intimidation under RCW 9A.72.110(1). Mr. Boiko acknowledges that there is evidence establishing some of the means of committing the crime, but the jury was instructed on all of the means set forth in the statute. Mr. Boiko maintains that a unanimity instruction was required because of the State's failure to elect as to the alternative means.

¶7 The right to a unanimous jury verdict includes the right to jury unanimity on the means by which the defendant committed the crime. *State v. Green*, 94 Wn.2d 216, 616 P.2d 628 (1980).

¶8 Mr. Boiko was convicted of witness intimidation. RCW 9A.72.110(1) states:

A person is guilty of intimidating a witness if a person, by use of a threat against a current or prospective witness, attempts to:

(a) Influence the testimony of that person;

(b) Induce that person to elude legal process summoning him or her to testify;

(c) Induce that person to absent himself or herself from such proceedings; or

(d) Induce that person not to report the information relevant to a criminal investigation or the abuse or neglect of a minor child, not to have the crime or the abuse or neglect of a minor child prosecuted, or not to give truthful or complete information relevant to a criminal investigation or the abuse or neglect of a minor child.

¶9 The State argues that RCW 9A.72.110(1) is not an alternative means statute. In the State's view, RCW 9A.72.110(1) proscribes one crime and the subsections merely identify the different states of mind to be established.

¶10 However, nothing in the statute supports the reading advanced by the State. Under RCW 9A.72.110(1), a person may commit the crime of witness intimidation by using a threat against a current or prospective witness in order to accomplish any one of four different goals. Contrary to the assertions of the State, subsections (a) through (d) of RCW 9A.72.110(1) describe the alternative means by which a defendant can commit the crime of intimidation of a witness. Significantly, this court has recognized RCW 9A-.72.110(1) as an alternative means statute. *State v. Chino*, 117 Wn. App. 531, 539, 72 P.3d 256 (2003).

■ ¶11 When the State fails to elect between alternative means, instructions that do not require unanimity on the same means of committing the criminal act are not required if there is substantial evidence supporting each alternative means presented to the jury. *State v. Ortega-Martinez*, 124 Wn.2d 702, 707, 881 P.2d 231 (1994). If the sufficiency of the evidence test is met with respect to each means of committing the crime, the conviction will be affirmed because the court will infer that the jury based its decision on a unanimous finding. *Id.* at 707-08. Consequently, when reviewing an alternative means case, courts must determine whether any rational trier of fact could find each incident beyond a reasonable doubt. *Id.* at 708.

¶12 Here, jury instruction 5 read as follows:

To convict the defendant of the crime of intimidating a witness, each of the following elements of the crime must be proved beyond a reasonable doubt:

(1) That on or about the 31st day of March, 2004, the defendant used a threat against [J.G.]; and

(2) That the defendant knew [J.G.] was a current or prospective witness; and

(3) That by using the threat defendant attempted to do any one or more of the following acts:

(a) influence the testimony of [J.G.];

(b) induce her to elude legal process summoning her to testify;

(c) induce her to absent herself from such proceeding;

(d) induce her not to report information relevant to a criminal investigation;

(e) induce her not to report information relevant to the abuse and neglect of a minor child;

(f) induce her not to have a crime prosecuted;

(g) induce her not to have the abuse and neglect of a minor child prosecuted;

(h) induce her not to give truthful and complete information relevant to a criminal investigation;

(i) induce her not to give truthful and complete information relevant to the abuse and neglect of a minor child;

and

(4) That the acts occurred in Ferry County in the State of Washington.

Elements (3)(a) through (i) are alternatives and only one need be proved.

If you find from the evidence that each of elements (1), (2), (3) and (4) have been proved beyond a reasonable doubt, then it will be your duty to return a verdict of guilty.

On the other hand, if, after weighing all the evidence, you have a reasonable doubt as to any one of elements (1), (2), (3) or (4), then it will be your duty to return a verdict of not guilty.

Clerk's Papers at 10-11.

¶13 The State contends that there is sufficient evidence to support each of the alternative means presented to the jury. But, at the least, there is no evidence that Mr. Boiko attempted to induce J.G. to elude legal process summoning her to testify or that he attempted to induce her to absent herself from such proceeding. *See* RCW 9A.72.110(1)(b), (c).

¶14 The State next maintains that the evidence was sufficient for the jury to infer that Mr. Boiko *intended* to communicate a threat to J.G. and her family that her horse would be harmed if they did anything, including all of the alternative means, to assist the investigation or prosecution of Mr. Mead. But the State's argument is based on the

word "intent," when the statute requires that the defendant use a threat in an "attempt" to achieve one or more of the alternative means.

¶15 Based on this record, this court cannot conclude that a rational trier of fact could have found each means of committing the crime of intimidating a witness beyond a reasonable doubt. Because there was insufficient evidence to support a conviction on at least two of the alternative means set forth in the statute, Mr. Boiko's conviction must be reversed. *See Ortega-Martinez*, 124 Wn.2d at 708.

*Statement of Additional Grounds for Review*

¶16 Pro se, Mr. Boiko filed a statement of additional grounds for review raising claims alleging: ineffective assistance of counsel, disqualification of the trial judge, insufficiency of the evidence, and prejudicial error related to a motion in limine. Because we reverse, we need not address these issues.

¶17 Reverse.

SCHULTHEIS and BROWN, JJ., concur.

Reconsideration denied March 24, 2006.

Review denied at 158 Wn.2d 1026 (2007).