2014 JUL 28 AM 9: 52



# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | NO. 72037-6-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | |
| CHRISTOPHER NOEL MCDONALD, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: July 28, 2014 |
| | ) | |

LAU, J. — Christopher Noel McDonald appeals his felony conviction for tampering with a witness, arguing that the trial court erred in instructing the jury on an uncharged alternative. He further argues that his six convictions for violating a domestic violence no-contact order cannot be included in his offender score. Because we accept the State's concession that the instructional error was not harmless, we reverse and remand McDonald's tampering with a witness conviction for a new trial. And because violations of a domestic violence no-contact order are properly included in an offender score for a felony domestic violence conviction, the trial court correctly calculated McDonald's offender score.[1]

---

[1] We address this issue because it may arise on retrial.

FACTS

In August 2012, Christopher McDonald and Julianne Vanas were living together in a romantic relationship. On August 27, 2012, McDonald and Vanas went to visit some friends. At some point, Vanas realized that McDonald had taken her car. When McDonald returned, he got out of the car and moved to the passenger seat. Vanas got in the driver's seat and they left. As they drove home, they argued. When McDonald called Vanas a "bitch," she stopped the car and told him to get out. McDonald refused to move, so Vanas said, "Then I'm getting out of the car." Report of Proceedings (Nov. 19, 2012) (RP) at 104. A passing motorist, David Medack, said that Vanas signaled him to stop. When Medack pulled over, Vanas approached the car and told him that McDonald had choked her. Medack did not allow Vanas to get into his car, but he called 911. A few minutes later, police found Vanas sitting alone in her car "crying hysterically." RP at 246. Vanas told the officer that McDonald had punched and choked her and that he needed to be arrested. At trial, however, Vanas denied that McDonald actually choked her. She claimed he merely grabbed her and tried to pull her back into the car.

McDonald was arrested and transported to Cowlitz County Jail. The trial court entered pretrial domestic violence no-contact orders prohibiting McDonald from having any contact with Vanas. McDonald nevertheless called Vanas from jail and spoke with her on multiple occasions. These calls were recorded and provided to the prosecutor. During one of the calls, McDonald told Vanas that the only way he would beat his case is if "the victim" refused to testify against him. McDonald also told Vanas that "the

-2-

victim" needed to "be persistent" about contacting the prosecutor and saying she would not follow through with the charges. RP (Nov. 20, 2012) at 334.

By amended information, the State charged McDonald with assault in the second degree (strangulation), unlawful imprisonment, assault in the fourth degree, harassment (threaten bodily injury), tampering with a witness, and six counts of violation of a no-contact order.[2] The information alleged that the offenses involved domestic violence as defined in RCW 10.99.020. The harassment charge was dismissed at the end of the State's case for lack of evidence. The jury found McDonald guilty of felony tampering with a witness and six gross misdemeanor violations of a no-contact order. Regarding the charge of assault in the second degree, the jury returned a guilty verdict on the lesser offense of assault in the fourth degree, also a gross misdemeanor. By special verdicts, the jury found each count was domestic violence. The jury returned not guilty verdicts on unlawful imprisonment and assault in the fourth degree.

At sentencing, the court calculated McDonald's offender score as 7 points based on prior convictions. Because McDonald's current conviction for tampering with a witness constituted a felony domestic violence offense, the court added 1 additional point for each of the current domestic violence gross misdemeanors, yielding a total offender score of 14 points. Defense counsel did not object to the addition of the misdemeanor convictions to his offender score. The court sentenced McDonald to 51 months for tampering with a witness and imposed consecutive sentences for the fourth degree assault and no-contact order violations. McDonald appeals.

---

[2] The harassment and assault in the fourth degree charges were based on a separate incident that allegedly occurred on August 24, 2012. Neither of these charges resulted in a conviction, and the underlying facts are not relevant to this appeal.

## ANALYSIS

McDonald argues that his felony conviction for tampering with a witness should be reversed because the jury was instructed only on uncharged alternatives. He contends that this is a manifest constitutional error that can be raised for the first time on appeal. RAP 2.5(a)(3); State v. Chino, 117 Wn. App. 531, 538, 72 P.3d 256 (2003). The State acknowledges that it charged McDonald with one alternative means of committing tampering with a witness but instructed the jury on only the other two alternative means. Instructing the jury on uncharged alternatives is not harmless unless other instructions clearly and specifically define the charged crime. Chino, 117 Wn. App. at 540. Based on this standard, the State concedes that the instructional error was not harmless and that McDonald's conviction for tampering with a witness should be reversed and remanded for a new trial. We accept the State's concession. Accordingly, we need not reach McDonald's argument that defense counsel was ineffective for failing to object to the erroneous instructions or to the offender score associated with that conviction.

In the alternative, McDonald argues that the trial court improperly included his six current convictions for violating a domestic violence no-contact order in calculating his offender score for tampering with a witness—a felony domestic violence conviction. Because this issue is likely to arise again on retrial if McDonald is convicted of tampering with a witness, we address it. See State v. Gregory, 158 Wn.2d 759, 800, 147 P.3d 1201 (2006).

McDonald's argument arises from two statutes enacted in 2010 relating to the calculation of a defendant's offender score for felony sentencing purposes: RCW 9.94A.525(21) and RCW 9.94A.030(20).

RCW 9.94A.525(21) provides:

> If the present conviction is for a felony domestic violence offense where domestic violence as defined in RCW 9.94A.030 was plead and proven, ... count points as follows:
>
> . . .
>
> (c) Count one point for each adult prior conviction for a repetitive domestic violence offense as defined in RCW 9.94A.030, where domestic violence as defined in RCW 9.94A.030, was plead and proven after August 1, 2011.

RCW 9.94A.030(20) in relevant part defines "domestic violence" as having "the same meaning as defined in RCW 10.99.020 and 26.50.010."

Based on the legislature's use of the word "and" in the latter statute, McDonald contends that RCW 9.94A.525(21) does not apply unless the definition of "domestic violence" in both RCW 10.99.020 and RCW 26.50.010 are met. These definitions are significantly different. RCW 10.99.020(5) defines "domestic violence" through a non-exclusive list of crimes committed by one family or household member against another. One of these crimes is "[v]iolation of the provisions of a restraining order, no-contact order, or protection order restraining or enjoining the person or restraining the person from going onto the grounds of or entering a residence, workplace, school, or day care, or prohibiting the person from knowingly coming within or knowingly remaining within, a specified distance of a location." RCW 10.99.020(5)(r). In contrast, RCW 26.50.010 provides that "domestic violence" means: "(a) Physical harm, bodily injury, assault, or the infliction of fear of imminent physical harm, bodily injury or assault, between family or household members; (b) sexual assault of one family or household member by

another; or (c) stalking as defined in RCW 9A.46.110 of one family or household member by another family or household member."

Because there was no evidence of physical harm, bodily injury, assault, infliction of fear of imminent physical harm, sexual assault, or stalking with respect to the tampering with a witness conviction or the violation of a domestic violence no-contact order convictions, these nonviolent crimes meet the definition of "domestic violence" in RCW 10.99.020 but not RCW 26.50.010. Accordingly, McDonald asserts that the State cannot prove that the enhanced sentencing provisions for felony domestic violence offenses apply in his case. We disagree.

The fundamental purpose of statutory construction is "to determine and give effect to the intent of the legislature." State v. Sweany, 174 Wn.2d 909, 914, 281 P.3d 305 (2012). "When possible, we derive legislative intent solely from the plain language enacted by the legislature, considering the text of the provision in question, the context of the statute in which the provision is found, related provisions, and the statutory scheme as a whole." State v. Evans, 177 Wn.2d 186, 192, 298 P.3d 724 (2013). "[W]e must avoid constructions that yield unlikely, strange or absurd consequences." State v. Contreras, 124 Wn.2d 741, 747, 880 P.2d 1000 (1994).

Under McDonald's construction of RCW 9.94A.030(20), a crime does not qualify as "domestic violence" for sentencing purposes unless it meets the definition found in both RCW 10.99.020 and 26.50.010. This construction rests on an overly narrow and constrained interpretation of the word "and." Where the plain language and intent of the statute so indicate, "[t]he disjunctive 'or' and conjunctive 'and' may be interpreted as substitutes." Mount Spokane Skiing Corp. v. Spokane County, 86 Wn. App. 165, 174,

936 P.2d 1148 (1997); <u>see also</u> <u>CLEAN v. City of Spokane</u>, 133 Wn.2d 455, 473-74, 947 P.2d 1169 (1997); <u>Bullseye Distrib. LLC v. State Gambling Comm'n</u>, 127 Wn. App. 231, 238-40, 110 P.3d 1162 (2005).

It is unreasonable to apply the definition found in chapter 26.50 RCW to chapter 10.99 RCW. Nothing in either statute indicates that the legislature intended such a result. To the contrary, RCW 26.50.010 makes clear that its definition of domestic violence applies specifically to that chapter.[3] A common sense reading of RCW 9.94A.030's plain meaning indicates that the legislature's use of the word "and" means that in order to qualify for enhanced sentencing, the crime must meet either the definition of domestic violence in RCW 10.99.020 or the definition in RCW 26.50.010. Both definitions are independently sufficient.

## CONCLUSION

We reverse McDonald's conviction for tampering with a witness and remand for a new trial. If McDonald is again convicted, his misdemeanor domestic violence convictions will count towards his total offender score, pursuant to RCW 9.94A.525(21).

Reversed and remanded.

WE CONCUR:

---

[3] RCW 26.50.010 states, "As used in this chapter, the following terms shall have the meanings given them. . . ."

-7-