FILED
COURT OF APPEALS
DIVISION II

2015 JUN 30 AM 8: 31

STATE OF WASHINGTON
BY
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 45773-3-II |
| Respondent, | |
| v. | |
| YEVGENIY A. SMIRNOV, | UNPUBLISHED OPINION |
| Appellant. | |

WORSWICK, P.J. — Yevgeniy Smirnov appeals his conviction for one count of attempted first degree trafficking of stolen property. He argues that the trial court erred by instructing the jury on an uncharged means of committing attempted trafficking. We agree, reverse Smirnov's conviction, and remand for a new trial on the attempted trafficking charge.

## FACTS

Loss prevention specialists at several grocery stores in the Vancouver area noticed that certain personal hygiene items were frequently being stolen. They began an investigation and located some habitual thieves. One such thief led the investigators to Yevgeniy Smirnov, who appeared to be a buyer of stolen goods. The loss prevention specialists, along with private investigators, performed several controlled transactions during which Smirnov bought purported stolen goods.[1] During these transactions, Smirnov requested particular items and expressed his intent to resell the items he was purchasing.

---

[1] A controlled transaction involves selling the purported stolen items to the suspected buyer of stolen goods.

The State charged Smirnov with two counts. Count 1 was first degree trafficking in stolen property, alleging that Smirnov "did knowingly organize, finance, direct or supervise" the theft of property for sale to others. RCW 9A.82.050; Clerk's Papers (CP) at 1. Count 2 was attempted first degree trafficking in stolen property, alleging that Smirnov committed a substantial step with intent to commit first degree trafficking via "knowingly trafficking in stolen property." RCW 9A.82.050; CP at 1. Thus, in count 1 the State charged one alternative means of committing trafficking, and in count 2 the State charged the other alternative means of committing *attempted* trafficking.

The jury instructions did not distinguish between the alternative means of trafficking as charged. Jury instruction 13 set forth the elements for attempted first degree trafficking. It stated that the jury must find that the defendant "did an act that was a substantial step toward the commission of Trafficking in Stolen Property in the First Degree" and that "the act was done with the intent to commit" that crime. CP at 18. This instruction did not indicate that it pertained to count 2, nor did it specify that only one alternative means of attempted trafficking was charged. Jury instruction 13 did not define "trafficking in stolen property." CP at 18. Instead, jury instruction 6 defined trafficking in stolen property as knowingly organizing, financing, directing, or supervising the theft of property for sale to others, or knowingly trafficking in stolen property. Thus, the definition of trafficking in stolen property included both alternative means, and did not specify which means was charged in which count. Smirnov did not object to these instructions.

In closing argument, the State told the jury that count 1 charged knowingly organizing, financing, directing, or supervising the theft of property for sale to others, whereas count 2

charged attempt to knowingly traffic in stolen property. Then, the State presented its theory of the case separately as to counts 1 and 2, correctly mentioning the difference between the two types of trafficking as charged. The State said, "So there are two crimes here. One in trafficking, directing, financing . . . the theft of property to be sold to others, Count 1. And the attempted trafficking in stolen property, Count 2. And I just wanted to make those two counts clear as to where they're coming from." Verbatim Report of Proceedings (VRP) at 510.

In rebuttal closing argument, the State attempted to remind the jury of the difference between counts 1 and 2. The prosecutor said that two "separate and distinct" crimes were charged: one was "directing and financing the theft of property, the planning, the organizing of it," but did not specify which count this pertained to. VRP at 569. The prosecutor described the other crime as

> purchasing the stolen items to resell. Now regarding the second Count 2 crime, it is attempt because the items weren't actually stolen. But the first means, the first count is a completed, inchoate criminal offense. He was financing and directing others to steal property. . . . So on the front end he's doing that and he's telling [the investigator] what he wants to get, what he wants stolen. . . . And that directing is a crime in and of itself. I ask you to find him guilty of that count.

VRP at 569-70.

The prosecutor then said, "[Y]ou have the old—whole converse scenario where he then purchases product, that's the attempt. Two separate and distinct counts and evidence regarding both of them." VRP at 570. The jury acquitted Smirnov of first degree trafficking (count 1), but convicted him of attempted first degree trafficking (count 2). Smirnov appeals.

## ANALYSIS

Smirnov argues that the trial court erred by instructing the jury on an uncharged alternative means of attempted trafficking. The State does not contest that the instructions were

3

erroneous, but instead argues that Smirnov waived this argument by failing to raise it below. We hold that Smirnov did not waive this argument, because he alleges a manifest error affecting a constitutional right. We further hold that this constitutional error requires reversal of his conviction because it was not harmless beyond a reasonable doubt.

## I. STANDARD OF REVIEW

We review constitutional issues, including claimed instructional errors, de novo. *State v. Brewczynski*, 173 Wn. App. 541, 549, 294 P.3d 825, *review denied*, 177 Wn.2d 1026 (2013). We review de novo whether the challenged instruction states the law accurately without misleading the jury. *Brewczynski*, 173 Wn. App. at 549; *State v. Chino*, 117 Wn. App. 531, 538, 72 P.3d 256 (2003).

## II. MANIFEST CONSTITUTIONAL ERROR

As a threshold matter, the State argues that Smirnov waived this issue because he failed to raise it below and it was not a manifest constitutional error. We disagree.

Under RAP 2.5(a), an issue not raised at the trial court is generally waived on appeal. *State v. Powell*, 166 Wn.2d 73, 82, 206 P.3d 321 (2009). However, under RAP 2.5(a)(3), a party may raise for the first time on appeal a manifest error affecting a constitutional right.[2] To merit review on appeal, the appellant bears the burden of showing that (1) the error is of constitutional

---

[2] The State argues that this court should follow its decision in *State v. Lindsey*, 177 Wn. App. 233, 247, 311 P.3d 61 (2013), *review denied*, 180 Wn.2d 1022 (2014). In *Lindsey*, this court held that a challenge to uncharged alternatives of first degree trafficking in stolen property was waived because it was raised for the first time on appeal. *Lindsey*, 177 Wn. App. at 247. But Lindsey did not argue that any of the exceptions in RAP 2.5(a) applied. *Lindsey*, 177 Wn. App. at 247. By contrast, Smirnov argues that RAP 2.5(a)(3) applies.

magnitude and (2) the error is manifest. *State v. O'Hara*, 167 Wn.2d 91, 98, 217 P.3d 756 (2009).

A.    *Claimed Error is of Constitutional Magnitude*

An error is of constitutional magnitude where, if the claim is correct, it truly implicates a constitutional interest. *O'Hara*, 167 Wn.2d at 98. It is undisputed that an instruction on uncharged alternatives is constitutional error. *State v. Laramie*, 141 Wn. App. 332, 342, 169 P.3d 859 (2007); *Chino*, 117 Wn. App. at 538. The jury should be instructed only on the crime charged in an information. *Brewczynski*, 173 Wn. App. at 549. Instructing a jury on an uncharged alternative means of committing the crime violates the defendant's right to be informed of the charges against him. *Laramie*, 141 Wn. App. at 343 (citing U.S. CONST. amend. VI; WASH. CONST., art. 1, § 22). Where the information alleges just one alternative means of committing a crime, the trial court errs by instructing the jury on uncharged alternatives, even if evidence of the uncharged alternatives was presented at trial. *State v. Lindsey*, 177 Wn. App. 233, 247, 311 P.3d 61 (2013), *review denied*, 180 Wn.2d 1022 (2014); *Chino*, 117 Wn. App. at 540. Because an instruction on uncharged alternative means is a constitutional error, Smirnov has shown that his claimed error, if correct, is of constitutional magnitude.

B.    *Error is Manifest*

Manifest error is error that resulted in actual prejudice. *O'Hara*, 167 Wn.2d at 99. Actual prejudice is demonstrated by showing practical and identifiable consequences at trial. *O'Hara*, 167 Wn.2d at 99. To distinguish this analysis from that of harmless error, "the focus of the actual prejudice must be on whether the error is so obvious on the record that the error warrants appellate review." *O'Hara*, 167 Wn.2d at 99-100.

There are two alternative means of committing first degree trafficking in stolen property: "(1) facilitating the theft of property so that it can be sold and (2) facilitating the sale of property known to be stolen."[3],[4] *Lindsey*, 177 Wn. App. at 244.

Here, Smirnov has shown that the error was manifest, because it is obvious from the record that an instruction on an uncharged alternative means of attempted trafficking caused him prejudice. Jury instruction 13 listed the elements of attempted trafficking as (1) "an act that was a substantial step toward the commission of Trafficking in Stolen Property in the First Degree," (2) with the intent to commit first degree trafficking in stolen property. CP at 18. None of the instructions specified that Smirnov was charged with attempted trafficking under only the second prong of facilitating the sale of property known to be stolen. The instructions therefore allowed the jury to convict Smirnov of attempted trafficking under the first prong, which was uncharged.

This error is so obvious from the record that it warrants appellate review. And Smirnov has carried his burden of showing that it caused him actual prejudice because it had the practical and identifiable consequence of allowing the jury to convict him for an uncharged alternative means of attempted trafficking.

---

[3] A person commits the first alternative means of first degree trafficking if he or she "knowingly initiates, organizes, plans, finances, directs, manages, or supervises the theft of property for sale to others." RCW 9A.82.050.

[4] A person commits the second alternative means of first degree trafficking if he or she "knowingly traffics in stolen property." RCW 9A.82.050. To traffic, in turn, is defined as "to sell, transfer, distribute, dispense, or otherwise dispose of stolen property to another person, or to buy, receive, possess, or obtain control of stolen property, with intent to sell, transfer, distribute, dispense, or otherwise dispose of the property to another person." RCW 9A.82.010(19).

The State argues that this error is not manifest because the prosecutor distinguished between the alternatives in closing argument and because the instructions necessarily included both alternatives as each was charged in separate counts. But this argument appears to address harmless error, not whether the instruction on uncharged alternatives was so obvious on the record to warrant appellate review. Because an instruction on uncharged alternatives is a constitutional error, and because this error was obvious on the record and had practical and identifiable consequences, we hold that Smirnov did not waive his argument. RAP 2.5(a)(3).

C.    *Instructions Were Not Harmless Beyond a Reasonable Doubt*

Once the appellant has shown that an error raised for the first time on appeal was a manifest constitutional error, the burden shifts to the State to show that the error was harmless beyond a reasonable doubt. *State v. Grimes*, 165 Wn. App. 172, 186, 267 P.3d 454 (2011). An instruction on an uncharged alternative may be harmless where, for example, other instructions "define the crime in a manner that leaves only the charged alternative before the jury." *Lindsey*, 177 Wn. App. at 247; *see also State v. Severns*, 13 Wn.2d 542, 549, 125 P.2d 659 (1942); *Brewczynski*, 173 Wn. App. at 549; *State v. Nicholas*, 55 Wn. App. 261, 273, 776 P.2d 1385 (1989). In other words, an instruction on uncharged alternatives "is not harmless unless other instructions clearly and specifically define the charged crime." *State v. McDonald*, 183 Wn. App. 272, 276, 333 P.3d 451 (2014).

The State argues that the prosecutor clarified the two counts as charged during closing argument and that the instructions necessarily defined both alternative means, as both were charged. We disagree that the error was harmless.

7

Even assuming that a prosecutor's closing argument statements could render this instructional error harmless, the prosecutor's closing arguments here did not do so. The prosecutor said briefly that count 2 charged attempted trafficking by means of knowingly trafficking, which was correct. But later remarks confused the issue: in rebuttal closing, the prosecutor discussed both counts simultaneously, and did not specify that only one alternative means of trafficking was charged in count 2.[5] As a whole, these remarks did not clarify which means of trafficking were charged for which counts. And the prosecutor did not tell the jury that their instructions were incorrect or in need of clarification.

The State's need to instruct the jury on both alternative means did not render the error harmless. It is true that, because both alternative means were charged in separate counts, the jury instructions necessarily included both alternative means. But this fact does nothing to lessen the resulting prejudice of the instruction on an uncharged alternative, and the State does not explain how it renders the error harmless.

We presume that juries follow instructions. *See State v. Emery*, 174 Wn.2d 741, 766, 278 P.3d 653 (2012). Here, the instructions were erroneous and we presume the jury followed them. The instructions as a whole did not leave only the charged alternative before the jury. *Lindsey*, 177 Wn. App. at 247; *McDonald*, 183 Wn. App. at 276. The prosecutor's remarks did not clarify

---

[5] He said, apparently discussing count 2:

> [I]t is attempt because the items weren't actually stolen. But the first means, the first count is a completed, inchoate criminal offense. He was financing and directing others to steal property. . . So on the front end he's doing that and he's telling [the investigator] what he wants to get, what he wants stolen. . . . And that directing is a crime in and of itself. I ask you to find him guilty of that count.

VRP at 569-70. These comments obscure the difference between counts 1 and 2.

8

No. 45773-3-II

the charged alternatives sufficiently to render the error harmless. Nor did the fact that the instructions had to include both alternatives lessen the prejudice. Thus, the State fails to carry its burden of showing that the constitutional error was harmless beyond a reasonable doubt. We reverse Smirnov's conviction and remand for a new trial on the attempted trafficking charge. *Brewczynski*, 173 Wn. App. at 549-50; *Chino*, 117 Wn. App. at 540-41.[6]

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public in accordance with RCW 2.06.040, it is so ordered.

Worswick, P.J.

We concur:

Lee, J.

Sutton, J.

---

[6] Because we reverse Smirnov's conviction, we do not address his arguments regarding ineffective assistance of counsel or evidentiary error.

9