# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 72329-4-I |
| Appellant, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | PUBLISHED OPINION |
| DAVID ROLLIN ROSS, | ) | |
| | ) | |
| Respondent. | ) | FILED: July 6, 2015 |
| | ) | |

APPELWICK, J. — RCW 9.94A.030(20) defines domestic violence as having "the same meaning as defined in RCW 10.99.020 and [RCW] 26.50.010." The trial court interpreted the word "and" in RCW 9.94A.030(20) conjunctively. It declined to count four of Ross's prior misdemeanor no-contact order violation convictions towards his offender score, because the convictions did not satisfy the definition of domestic violence in both RCW 10.99.020 and RCW 26.50.010. Subsequently, this court's decisions in State v. Kozey, 183 Wn. App. 692, 334 P.3d 1170 (2014), review denied, 182 Wn.2d 1007, 342 P.3d 327 (2015) and State v. McDonald, 183 Wn. App. 272, 333 P.3d 451 (2014) interpreted "and" in RCW 9.94A.030(20) disjunctively. We reverse and remand for resentencing.

## FACTS

In 2012 and 2013, David Ross violated no-contact orders four times when he contacted Catrina Parker. Parker is Ross's ex-girlfriend and the two have a child together. Ross was convicted of misdemeanors for those four no-contact order violations.

On January 14, 2014, Ross again made contact with Parker and assaulted her. Ross was charged with violation of a domestic violence court order against a family or household member—a felony. Ross subsequently entered into a plea agreement.

At the time of his guilty plea, Ross pleaded guilty to two other unrelated offenses, one for identity theft and one for possession of a controlled substance. Ross's criminal history included, among other prior misdemeanor convictions, the four no-contact order violation misdemeanors and a domestic violence felony assault conviction.

The parties agreed that three convictions counted towards the offender score: the current convictions for possession of a controlled substance and identity theft and the prior assault conviction. But, the parties disagreed as to whether Ross's four misdemeanor no-contact order convictions should be included. The disagreement stemmed from RCW 9.94A.525(21)(c)'s mandate that one point shall be counted towards the defendant's offender score "for each adult prior conviction for a repetitive domestic violence offense as defined in RCW 9.94A.030." The definition of domestic violence in RCW 9.94A.030(20) states that domestic violence "has the same meaning as defined in RCW 10.99.020 and 26.50.010." The State pleaded that Ross's prior convictions satisfied the definition of domestic violence under only RCW 10.99.020. Ross argued that the State must plead and prove that the prior convictions satisfy both statutory definitions of domestic violence.

The trial court agreed, reasoning that "and" in RCW 9.94A.030(20) does not mean the same thing as "or." It stated that both definitions of domestic violence in RCW 10.99.020(5) and RCW 26.50.010(1) need to be met for a finding that an offense is a domestic violence offense. Consequently, it concluded that Ross's four prior no-contact order misdemeanor offenses did not count as points towards his offender score under RCW 9.94A.525(21). Therefore, Ross's offender score was a three, resulting in a standard range sentence of 15-20 months. The State appeals the sentence.

2

DISCUSSION

Must Ross's previous no-contact order violation convictions meet both definitions of domestic violence in RCW 10.99.020(5) and RCW 26.50.101(1) to constitute domestic violence as defined by RCW 9.94A.030?[1]

Ross was sentenced on August 8, 2014. On August 26, 2014, Division One published an opinion discussing this exact issue. See McDonald, 183 Wn. App. 276-77. And, on September 16, 2014, Division Two decided this exact issue in the same context. See Kozey, 183 Wn. App. 694-95.

Both the Kozey and McDonald courts concluded that the plain meaning of RCW 9.94A.030(20) dictates that the legislature's use of the word "and" in the statute means that in order to qualify for enhanced sentencing, the prior convictions must meet either the definition of domestic violence in RCW 10.99.020 or the definition in RCW 26.50.010. 183 Wn. App. at 702; 183 Wn. App. at 279. Both courts adopted this disjunctive interpretation and concluded that the definitions of domestic violence are independently sufficient.[2] Kozey, 183 Wn. App. at 702; McDonald, 183 Wn. App. at 279.

---

[1] The meaning of a statute is a question of law reviewed de novo. Dep't of Ecology v. Campbell & Gwinn, LLC, 146 Wn.2d 1, 9, 43 P.3d 4 (2002). The court's fundamental objective is to ascertain and carry out the legislature's intent, and if the statute's meaning is plain on its face, then the court must give effect to that plain meaning as an expression of legislative intent. Id. at 9-10. The plain meaning of a statutory provision is to be discerned from the ordinary meaning of the language at issue as well as from the context of the statute in which that provision is found, related provisions, and the statutory scheme as a whole. Id. at 10-12.

[2] Ross argues that the discussion of RCW 9.94A.030(20) in McDonald is dicta. However, the discussion of the issue in McDonald was necessary to address an alternative argument McDonald raised on appeal, which was likely to recur on remand. See McDonald, 183 Wn. App. at 278-79.

The <u>Kozey</u> court first engaged in a plain meaning analysis of "and" in RCW 9.94A.030(20) and noted that Washington courts have recognized that "and" must sometimes be given disjunctive force in order to preserve legislative intent. 183 Wn. App. at 698.

Second, the court considered RCW 10.99.020 and RCW 26.50.010. <u>Id.</u> It concluded that the two statutes have differing conceptual approaches and, as a result, there is no " 'same meaning' " of domestic violence shared by both. <u>Id.</u> at 699 (quoting RCW 9.94A.030(20)). It reasoned that RCW 10.99.020 sets out a nonexclusive list of specific crimes that the legislature deemed to be domestic violence when committed by one family member against another. <u>Id.</u> at 698. By contrast, RCW 26.50.010 instead sets out the types of acts the legislature has determined generally constitute domestic violence. <u>Id.</u>

Further, the court noted, "If the conjunctive reading of RCW 9.94A.030(20) were correct, then the list of crimes found in RCW 10.99.020 would have meaning only where the offender commits an act encompassed by RCW 26.50.010. The reference to RCW 10.99.020 would be superfluous . . . . When our court interprets a statute, we attempt to avoid interpretations that render statutory language 'meaningless or superfluous.' " <u>Id.</u> at 700-01 (quoting <u>Cockle v. Dep't of Labor & Indus.</u>, 142 Wn.2d 801, 809, 16 P.3d 583 (2001)).

Finally, the court concluded that a conjunctive reading of "and" in RCW 9.94A.030(20) would defeat the legislative intent to provide enhanced punishment for domestic violence offenders. <u>Id.</u> at 701; <u>see</u> LAWS OF 2010, ch. 274, § 101, 401-07. Therefore, it stated that the plain meaning of the two related statutes linked by "and" in

State v. David Rollin Ross, No. 72329-4-I

DWYER, J. (CONCURRING)—I agree with the disposition reached by the majority. I also agree that the decisions in State v. Kozey, 183 Wn. App. 692, 334 P.3d 1170 (2014), review denied, 182 Wn.2d 1007 (2015), and State v. McDonald, 183 Wn. App. 272, 333 P.3d 451 (2014), control the disposition of this case.

I disagree with the analysis engaged in by the Kozey and McDonald courts, however. That analysis presupposes that the legislature was unartful in drafting RCW 9.94A.030(20) and seeks to correct the legislature's drafting ambiguity through resort to rules of statutory construction and legislative history. Because the legislature wrote precisely what it meant to write and set forth its meaning with precision, there is no legislative error in need of correcting and no need for judges to resort to principles of statutory construction or legislative history in order to discern the meaning of the sentence at issue.

That sentence, found at RCW 9A.94.030(20), is as follows: "'Domestic violence' has the same meaning as defined in RCW 10.99.020 and 26.50.010."

Ross contends, and the sentencing court ruled, that in writing that sentence the legislature conveyed the message that "Domestic violence" is an act or actions that fall within the definitions of *both* "RCW 10.99.020 and 26.50.010." The plain words of RCW 9.94A.030(20) say no such thing.

The key word in the sentence at issue is the word "same." Plainly, the combination of the definitions in RCW 10.99.020 and 26.50.010 is *not the same* as the singular definition in RCW 10.99.010. Nor is it the same as the singular

RCW 9.94A.030(20) leaves little doubt that, in this context, the legislature intended domestic violence to include the conduct described in either RCW 10.99.020 or RCW 26.50.010. Id. at 702.

We conclude that the reasoning in Kozey and McDonald is sound. Unfortunately, the trial court sentenced Ross without the benefit of the guidance of either of those opinions.

We reverse Ross's sentence and remand for resentencing.

WE CONCUR:

definition in RCW 26.50.010. Ross's interpretation of the sentence at issue does violence to the plain language of RCW 9.94A.030(20) by ignoring the legislature's use of the word "same" before the word "meaning." Simply put, a thing that has a *different meaning* does not have the *same meaning*.

A well-educated eighth grader would make quick work of the remaining supposed conundrum. What to make of the legislature's use of the word "and" in RCW 9.94A.030(20)? Does that not compel that both referenced statutory definitions be satisfied?

Of course not. The legislature used the word "and" in its inclusive disjunctive sense.* It simply means that one or more of the choices can be true. It does not mean that both choices *must* be true. Here, the legislature wrote the sentence at issue with necessary precision. The sentencing judge erred by accepting Ross's invitation to apply it wrongfully.

The majority does well by reversing the decision of the superior court.

_Dwyer, J._

---

*For those with social lives as eighth graders, the use of the words "and" and "or" in their inclusive disjunctive and exclusive disjunctive senses is discussed in E. Allan Farnsworth, "Dmeaning" in the Law of Contracts, 76 Yale L.J. 939, 955 (1967), and applied in Lake v. Woodcreek Homeowners Ass'n, 169 Wn.2d 516, 528, 243 P.3d 1283 (2010).