IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 46386-5-II |
| Respondent, | |
| v. | |
| BRIAN ALLEN ROBERTS II | UNPUBLISHED OPINION |
| Appellant. | |

MELNICK, J. — Brian Allen Roberts II appeals the sentence imposed after he pleaded guilty to three counts of violating a domestic violence court order. Roberts argues that the trial court erroneously misinterpreted RCW 9.94A.030(20) disjunctively to permit the court to enhance his sentence for domestic violence offenses as defined in either RCW 10.99.020 or RCW 26.50.010. Roberts also argues that the trial court lacked statutory authority to order the forfeiture of property as a condition of sentence. In his statement of additional grounds (SAG), Roberts argues further that the trial court erred by excluding a prior misdemeanor from his offender score and that his offender score for a 2012 conviction was miscalculated.

Under *State v. Kozey*, 183 Wn. App. 692, 334 P.3d 1170 (2014), *review denied*, 182 Wn.2d 1007 (2015), the trial court properly interpreted RCW 9.94A.030(20) in the disjunctive. It properly enhanced Roberts's offender score based on his current and prior domestic violence offenses. While we reject Roberts's additional claims of error concerning his offender score, we agree that the trial court lacked statutory authority to order the forfeiture of Roberts's property. We remand for the trial court to strike the forfeiture provision from Roberts's judgment and sentence, but otherwise affirm.

FACTS

Roberts pleaded guilty to three counts of violating a domestic violence court order after he telephoned his former girlfriend several times from jail. His plea statement noted that his offender score was in dispute and added that the State would recommend that Roberts "forfeit any items in Tacoma Police Department property room." Clerk's Papers at 14; Report of Proceedings (March 11, 2014) at 5.

At sentencing, the State argued that Roberts's offender score was 11 under RCW 9.94A.525(21), and the defense argued that it was 6 under RCW 9.94A.525(7).[1] RCW 9.94A.525 states the rules for computing offender scores. RCW 9.94A.525(7) is a general rule used to calculate offender scores for nonviolent offenses. RCW 9.94A.525(21) specifically relates to calculating offender scores for felony domestic violence offenses "where domestic violence as defined in RCW 9.94A.030 was plead and proven," and it provides for additional points if prior and other current offenses involved domestic violence as defined in RCW 9.94A.030. RCW 9.94A.525(21)(a)-(c). RCW 9.94A.030(20), in turn, states that domestic violence "has the same meaning as defined in RCW 10.99.020 and 26.50.010."

The State maintained that Roberts's crimes had to satisfy only one of the definitions in RCW 9.94A.030 to fall within RCW 9.94A.525(21). The State argued further that Roberts's current and prior domestic violence convictions involved domestic violence as defined in RCW 10.99.020. The defense responded that RCW 9.94A.525(21) did not apply because Roberts's

---

[1] Roberts had three prior convictions for robbery, theft, and malicious mischief that counted for three points. Under RCW 9.94A.525(21)(a) and (c), his current and prior domestic violence felony offenses counted for an additional six points, and his two prior domestic violence misdemeanor offenses counted for an additional two points. Under RCW 9.94A.525(7), Roberts's domestic violence felonies counted for three points and his domestic violence misdemeanors did not count at all.

domestic violence convictions did not satisfy the definitions of domestic violence in both RCW 10.99.020 and RCW 26.50.010. The defense requested a sentence under the Drug Offender Sentencing Alternative,[2] and the State argued for a standard range sentence.

The trial court agreed with the State's interpretation of RCW 9.94A.030 and sentenced Roberts to concurrent sentences of 60 months on each count. The trial court also checked a box in the judgment and sentence stating that "[a]ll property is hereby forfeited," and it added a handwritten notation ordering Roberts to "forfeit any items in property." CP at 100.

Roberts appeals his sentence.

## ANALYSIS

I. OFFENDER SCORE CALCULATION

Roberts contends that the trial court misinterpreted RCW 9.94A.030 in calculating his offender score. He argues that because his current and prior domestic violence offenses did not satisfy both definitions of domestic violence in RCW 9.94A.030(20), the trial court erred in adding points to his offender score pursuant to RCW 9.94A.525(21). We considered and rejected a similar argument in *Kozey* and held that domestic violence under RCW 9.94A.030(20) has the same meaning as domestic violence in either RCW 10.99.020 or RCW 26.50.010. 183 Wn. App. at 700.

RCW 10.99.020(5) states that "'[d]omestic violence' includes but is not limited to any of the following crimes when committed by one family or household member against another." This nonexclusive list includes violent crimes, property crimes, and other miscellaneous crimes, including the "[v]iolation of the provisions of a restraining order, no-contact order, or protection order." RCW 10.99.020(5)(r). In contrast, RCW 26.50.010(1) defines a domestic violence offense

---

[2] RCW 9.94A.660.

as assault, sexual assault, or stalking committed by one family or household member against another. *Kozey*, 183 Wn. App. at 697.

Roberts's current offenses were violations of no-contact orders committed against a household member, and his prior domestic violence offenses were attempted assault in the second degree, assault in the fourth degree, and violating a sentencing no-contact order. All of these offenses satisfied the definition of domestic violence in RCW 10.99.020(5). Consequently, under *Kozey*, the trial court properly applied RCW 9.94A.525(21) to Roberts's offender score.

Roberts's disagreement with the analysis in *Kozey* does not warrant its reconsideration. The Supreme Court has denied review of *Kozey*, and other decisions have followed its reasoning. *See, e.g., State v. Hodgins*, No. 31780-3-III, 2015 WL 5771248 (Wash. Ct. App. Oct. 1, 2015); *State v. Ross*, 188 Wn. App. 768, 355 P.3d 306 (2015); *State v. MacDonald*, 183 Wn. App. 272, 333 P.3d 451 (2014). We affirm the trial court's interpretation of RCW 9.94A.030 and its application of the offender score provisions in RCW 9.94A.525(21).[3]

II.    FORFEITURE OF PROPERTY

Roberts argues next that the trial court acted without statutory authority when it ordered the forfeiture of any property held by the police department. We review de novo whether the trial court had statutory authority to impose this sentencing condition. *State v. Roberts*, 185 Wn. App. 94, 96, 339 P.3d 995 (2014).

In *Roberts*, we considered an identical claim of error and held that in the absence of a showing that statutory authority supported the forfeiture condition, the condition was imposed in error. 185 Wn. App. at 96. In so holding, we distinguished a decision addressing whether the trial

---

[3] In doing so, we note that the trial court added a point because Roberts committed his current offenses while he was on community placement, thus giving him an offender score of 12. RCW 9.94A.525(19).

court exceeded its authority by ordering forfeiture without procedural due process. *Roberts*, 185 Wn. App. at 97 (citing *State v. McWilliams*, 177 Wn. App. 139, 152, 311 P.3d 584 (2013), *review denied*, 179 Wn.2d 1020 (2014)). In *McWilliams*, we rejected the defendant's due process challenge because his ability to move for return of the property under both the provisions of the judgment and sentence and CrR 2.3(e) afforded him due process. 177 Wn. App. at 150-151. The *McWilliams* decision did not hold that the trial court could order forfeiture in the absence of statutory authority. *Roberts*, 185 Wn. App. at 997.

The *Roberts* decision expressly held that a trial court may not order forfeiture without statutory authority and we apply that holding here. The judgment and sentence does not cite any statutory authority to support the forfeiture condition, and the State does not supply such authority on appeal. Accordingly, we remand to strike the forfeiture language from the judgment and sentence.

III.    SAG

Roberts raises two issues in his SAG. The first contends that the exclusion of a prior misdemeanor for a protection order violation shows that his offender score was miscalculated.

Roberts was convicted of the protection order violation in 2012. This conviction is not labelled as a domestic violence offense in his current judgment and sentence. Consequently, we see no error in its exclusion from Roberts's offender score.[4]

Roberts also contends that the provisions in RCW 9.94A.525(21) should have applied to the calculation of his offender score for his 2012 conviction of domestic violence attempted assault

---

[4] We also note that Roberts's judgment and sentence lists his offender score as 9+ and his standard range as the maximum 60 months. Neither of these references would change with the addition of a point to the offender score.

in the second degree. The calculation of Roberts's offender score under a prior cause number is beyond the scope of this appeal, and we do not consider this issue further.

We remand for the trial court to strike the forfeiture provision from the judgment and sentence, but otherwise affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Melnick, J.

We concur:

_____
Bjorgen, A.C.J.

_____
Maxa, J.